THOMAS H. KEMP, Respondent, v. THOMAS W. FOSTER, Appellant.

22 643
146m454

Kansas City Court of Appeals, June 14, 1886.

1. PLEADING—EVIDENCE—GROUNDS OF RECOVERY—CASE ADJUDGED. Where the plaintiff averred in his petition, that at a certain date he performed legal services for a third party of the value of one hundred dollars ; that afterwards he authorized defendant to receive said sum from said third party for plaintiff, and that defendant *did* receive said sum from said party for plaintiff, and promised to pay the same to plaintiff, but afterwards neglected and refused to pay the same. *Held*, that under these allegations, in order to recover, the defendant must have received credit from said third party to that amount on plaintiff's account or authority from her to pay said sum to plaintiff. That recovery cannot be had on a ground not set out in the petition and supported by no evidence to that effect.

2. PRACTICE — EQUITY—CAUSE OF ACTION — TRUSTEES.— Where the cause of action is equitable, and based upon a *trust*, and an accounting with defendant, as trustee, is asked for, it is regularily triable by the court as chancellor, and it may allow the trustee compensation for his services so far as they have been beneficial.

Appeal from Livingston Circuit Court, Hon. James M. Davis, Judge.

*Reversed and remanded.*

Statement of case by the court.

The plaintiff is an attorney at law. The petition in this case was in three counts. In the first count, the plaintiff sought to recover the value of certain legal services rendered by him for the defendant. That count need not be noticed by us, for the reason that no point is made here as to the cause of action stated therein.

The second and third counts of the petition are as follows : "Plaintiff, for his second cause of action, states that during the months of February and March, 1880, he, at the request of one Lucy Rensch, performed legal services for her to the value of one hundred dollars. That afterwards, on or about April, 1880, plaintiff authorized the said Thomas W. Foster to receive for the plaintiff the said sum of one hundred dollars from said Lucy Rensch, and that said defendant did receive said sum of one hundred dollars from said Rensch for plaintiff, and promised to pay the same to him. That plaintiff has demanded the same of defendant, and defendant has refused and neglected to pay the same, wherefore, plaintiff asks judgment for the said sum of one hundred dollars, with interest at the rate of six per cent.

"Plaintiff, for his third cause of action, states that on or about the first day of January, 1880, he was the owner of the following described real estate, situate in the county of Livingston, and state of Missouri, to-wit : The north half of the southwest quarter of section number nine (9), in township number fifty-nine (59), of range number twenty-three (23), containing eighty acres. That afterwards, in the year 1880, he conveyed by warranty deed in the usual form, his wife joining in the deed of said land to the defendant and delivered said

deed to him. That said deed was made and delivered to defendant with the understanding and intention to constitute him as trustee to hold and sell the land for plaintiff. That it was understood and agreed that defendant was to sell said land for the best advantage, and out of the proceeds pay all incumbrances on and against said lands, and account to the plaintiff for the balance and pay the said balance to plaintiff when demanded. That defendant accepted said trust and afterwards sold and conveyed said lands by warranty deed, in the usual form, his wife joining and releasing dower to one Jackson Perrin for the sum and consideration of one thousand and fifty dollars ($1,050), and received the said sum from the said Perrin. That plaintiff has demanded of said Foster, defendant, a settlement as trustee, but that he has failed and refused to make any settlement of the matter, and plaintiff charges and avers that on a full and fair settlement of the proceeds of said land, after deducting all incumbrances and charges, that there will be due to the plaintiff from defendant the sum of four hundred and fifty dollars, with interest from about April, 1880. That defendant has never paid any part of said proceeds to plaintiff, except the sum of twenty-six dollars.

"Plaintiff prays the court that defendant be compelled to make an accounting as trustee, and plaintiff have judgment for whatever shall be due plaintiff on said accounting and for costs against the defendant."

In answer to the second count of the petition the defendant denied all the allegations thereof.

The answer to the third count contained a general denial, except in so far as certain allegations of the petition were expressly admitted, and also contained, among others, the following allegations:

"* * * that early in September, 1879, plaintiff represented to defendant that he, plaintiff, was the owner of said land, and offered defendant the usual commission to sell the same for him, plaintiff; that no amount was named as the commission, but defendant says that

the usual commission was, and is, five per cent. for the first $2,000; that defendant accepted said offer and agreed to and did sell said land to said Perrin," etc.

The reply was a general denial.

The defendant was the administrator of the Blake estate. As to the claim, made in the second count, the plaintiff testified as follows :

"For the one hundred dollars charged in the second count, I held a claim against W. Blake's estate for Lucy Rensch for six hundred and thirty-four dollars, which I got allowed for her against said estate. I gave Foster my receipt for one hundred dollars, and he promised me he would collect it for me. I saw Mrs. Rensch afterwards, and she said it was all right and would be paid. Foster keeps the receipt to this day, and at the time I gave Foster the receipt for one hundred dollars in the Lucy Rensch matter, I was attorney for Lucy Rensch and held her claim against the estate for collection."

On this matter there was no other evidence for the plaintiff.

Upon this subject the defendant testified as follows : "Plaintiff gave me a receipt for Lucy Rensch to enable me to collect one hundred dollars, which he claimed was due him from her, for getting six hundred and thirty-seven dollars, allowance for her against the Blake estate. I told him I would collect it. I took the receipt to her ; she said she would not pay it. She showed me Kemp's receipt for fifteen dollars, in full. She refused to pay it, and I never collected a dollar from her for Kemp. I have not had a final settlement with her yet." There was no other evidence than this on this subject, so far as shown by the abstract of the record filed by the appellant and respondent in this case.

The court tried the case sitting as a jury. The plaintiff offered no declaration of law. The court gave none on the second count, but refused the following asked by the defendant :

"3. The court declares the law to be, that, under

the petition in this case, the plaintiff cannot recover the claim of one hundred dollars in the Lucy Rensch claim, unless the defendant has collected the same from Lucy Rensch, as charged in the petition."

"5. The court declares the law to be, if the court finds, that the item of one hundred dollars was evidence by a receipt to Thomas W. Foster for that amount, which was to be paid by said Foster, as administrator of Willis Blake's estate, and that said sum was for fees that plaintiff claimed against said Lucy Rensch and was to come out of an allowance, due from said estate to said Lucy Rensch, and that Kemp, as an attorney for said Lucy Rensch, procured said allowances ; and it not appearing that said Kemp had any express authority to receive and receipt for said allowance, or any part thereof ; that afterward the said Lucy Rensch refused to approve of any payment to said Kemp by said Foster of said amount, then the court will find for defendant on said item."

The court allowed plaintiff the amount claimed by him in the second count, and refused to allow the defendant any compensation on account of the matters set out in the third count of the petition.

BROADDUS & WAIT, for the appellant.

I. Plaintiff cannot allege one ground of action and recover on another. Cannot allege that defendant collected one hundred dollars for him, and recover on the ground that, being an attorney of record in the case, defendant might have paid him. *Waldhier v. Railroad,* 71 Mo. 514 ; *Bell v. Railroad,* 72 Mo. 50 ; *State ex rel. Griggs v. Edwards,* 78 Mo. 473.

II. Exactness in instructions is not required, especially when trial is by the court, as *it* could not be misled by verbal inaccuracies. *Moore v. Railroad,* 73 Mo. 438.

III. A judgment is always within the contract of the judgment creditor, and defendant could not pay

plaintiff, after notified not to do so. *Acock v. McBrown,* 38 Mo. 342. And in this state, the attorney has no lien on the judgment for his services rendered in the case. *Fressel v. Haille,* 18 Mo. 18. When an attorney has collected money, we admit he can retain his fees out of it, but the lien is to that extent and no more.

IV. The court erred in refusing defendant's second, third, and fifth instructions, and in modifying that numbered two. Courts cannot modify instructions. *Allen v. Mansfield,* 82 Mo. 688. Also the court erred in finding for plaintiff one hundred dollars on the second count of the petition and refusing to allow defendant $52.50, as reasonable commission for selling plaintiff's land.

L. A. CHAPMAN, for the respondent.

I. An attorney has the right to collect and receipt for money on a claim in his hands for collection ; and plaintiff had a right to give defendant a receipt without receiving any money, to the extent of the amount of his fee. The receipt was, in effect, an assignment to defendant of plaintiff's fee.

II. The instructions refused defendant were properly refused. He was entitled to no commissions, in the land transaction and none were agreed to be paid. *Doebing v. Lors,* 45 Mo. 150 ; *Turner v. Baker,* 45 Mo. 13; *Camp v. Heelan,* 43 Mo. 591. The court did not err in modifying instruction numbered two. It was a refusal of the instruction as offered.

III. An attorney has a lien on the papers of his clients relating to any matter to the extent of his fees, provided the possession was obtained during his professional employment. *Howard v. Osceola,* 22 Wis. 453 ; *Bank v. Todd,* 52 N. Y. 489 ; *St. John v. Diefendorf,* 12 Wend. (N. Y.) 251.

HALL, J.—The court erred in refusing to give the declarations of law asked by the defendant, set out in the preceding statement. The second count of the peti-

tion was based upon the collection or receipt of one hundred dollars by defendant from Lucy Rensch for plaintiff. The plaintiff can recover that sum upon no other ground than the one thus stated. We do not wish to be understood as holding that the defendant must have received the money bodily from Lucy Rensch; but we do hold that the defendant must have, under the allegations of the petition, received credit from her to that amount on plaintiff's account, or authority from her to pay said sum to the plaintiff.

The court's action in refusing such declaration of law cannot be supported upon the idea that the defendant promised to pay the plaintiff the one hundred dollars, when he handed the receipt to the defendant, and that thereby there was created between the plaintiff and defendant the relation of creditor and debtor. Because there was no evidence to that effect, and, besides, such was not the ground of recovery set out in the petition. As this case must be re-tried, we deem it well for us to say that the third count of the petition states an equitable cause of action, and regularly it was triable by the court as a chancellor. The cause of action stated in said count of the petition is based upon a trust and accounting with defendant as a trustee, as asked for.

The defendant is not charged to have been a mere go-between between the plaintiff and the purchaser from him of the real estate, but the defendant is charged to have been a trustee for the purposes mentioned. Generally, a trustee is entitled to a reasonable compensation for his time, trouble, and skill in managing the fund and executing the trust, unless it appears that it was the intention that no compensation should be charged. 2 Perry on Trusts, sects. 917, 918, and authorities cited. If the trustee is guilty of any breach of trust, or of any vexatious or improper conduct, the court can withhold all compensation, or can allow such compensation as will pay for the trustee's services, so far as they have been beneficial. *Id.*, sect. 919.

Upon a new trial, the cause of action stated in the third count of the petition should be tried in accordance with the views herein suggested.

Judgment reversed and cause remanded. All concur.