WILLIAM SISNEY, Respondent, v. J. T. ARNOLD, Appellant.

St. Louis Court of Appeals, January 17, 1888.

PRACTICE—PROOF MUST CONFORM TO PETITION.—A suit upon a promise to pay money cannot be sustained by proof that the defendant undertook to execute a conveyance, but did not.

APPEAL from Ozark Circuit Court, HON. J. R. WOODSIDE, Judge.

*Reversed and remanded.*

W. J. ORR, for the appellant: The petition states no cause of action in favor of the plaintiff, and against the defendant—it alleges that defendant assumed to pay the debt of another, and does not show that such contract was in writing or based upon any consideration, moving from plaintiff to defendant. While the plaintiff is not required to plead the facts which show a contract valid under the statute of frauds, still section 3560, Revised Statutes, does require the instrument to be filed, if there is such, with the petition; and a failure to do so is an admission that no writing did exist. There was an entire failure of proof; and under section 3702, Revised Statutes, defendant was entitled to judgment.

Green & Myers' Plead. and Prac., secs. 475, 477, 478, and 479, pp. 184-5; *Beck v. Ferrara*, 19 Mo. 30.

LIVINGSTON & PRICE, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition charges that "defendant, J. T. Arnold, assumed to pay to plaintiff for one Wilson Griffith, of the county of Ozark, and state of Missouri, on the twenty-second day of September, 1882, the sum of two hundred dollars, for value received by said Griffith, with interest until paid to plaintiff, at the rate of *ten per centum per annum*. Plaintiff further states that the same is still due and unpaid by defendant, amounting to two hundred and forty-eight and thirty-three one-hundredths dollars, principal and interest, for which plaintiff asks judgment, with costs of suit." The answer is a general denial. The cause was heard by the court sitting as a jury. The following is a literal copy of the bill of exceptions :

"Be it remembered that, on the trial of this cause, had at the October term, 1885, of this court, on the sixth day thereof, the following proceedings were had and done, to-wit : The plaintiff, to support the issues on his part, introduced evidence tending to show, that, about twelve months prior to the commencement of this action, one James Hood was indebted to plaintiff in a sum near the amount sued for by plaintiff ; that a trade was negotiated between Hood and one Wilson Griffith, whereby Griffith assumed to pay plaintiff said money ; that before the payment of said debt by Griffith to plaintiff, another trade was negotiated between Griffith and one R. S. Small, whereby Small assumed to pay plaintiff said amount ; that these various contracts were made with the assent of plaintiff, and he agreed to and did release all parties from the payment of the debt, except Small ; that defendant and Griffith each owned a house and town lots in Gainesville and they exchanged property with each other, and each agreed to convey to

the other his respective property; that, before the con-
veyances were made, and after the change of possession,
Griffith sold his house and lots to Small (that is, the
house and lots he had received from defendant, Arnold),
but had not yet received a deed from Arnold for said
property; that, for the purpose of securing the debt
sued for, it was understood between plaintiff, Small, and
defendant, that defendant should execute a conveyance
to Mrs. Small, the wife of R. S. Small, instead of to
Griffith, and that Mr. and Mrs. Small should then exe-
cute and deliver a mortgage deed on said property to
plaintiff; that plaintiff, some six or eight months after-
wards, asked defendant to convey to Mrs. Small the
property, so that he could procure the mortgage from
Mrs. Small and her husband, to secure his debt; that
the title to said property had gotten into litigation in
the courts, and defendant would only agree to make a
quit-claim deed to the same; and plaintiff was not satis-
fied with that kind of a deed, and that no deed has in
fact ever yet been made by defendant to Mrs. Small;
that defendant never promised to pay the debt to
plaintiff, but did agree to convey the town property and
has never done so.

"To the introduction of all this testimony the
defendant objected. His objections were by the court
overruled. To which action of the court, in overruling
his objections, defendant then and there excepted at the
time.

"The defendant then introduced testimony tending
to show that he never at any time assumed to pay the
debt sued for by plaintiff; that he only agreed to convey
the town property he had traded to Griffith to Mrs.
Small; that, at the time he and Griffith exchanged town
property and agreed to convey to each other, defendant
believed his title to the property he was to convey to
Griffith to be good. Defendant, on cross-examination,
said: 'If the title to that property was now in the
condition it was when I agreed to convey it to Griffith,
I would be willing to execute and deliver a deed with

covenants of warranty, and am willing now, and have
always been willing since Griffith sold to Mrs. Small,
to execute and deliver a quit-claim deed to the same.'
This was all the evidence introduced, except that
defendant is in possession of the Griffith property now,
under a valid title.''

At the close of the testimony, the defendant asked
for an instruction, in the nature of a demurrer to the
evidence, which the court refused, and thereupon ren-
dered judgment for the plaintiff.

It does not appear to have occurred to the plaintiff,
that there should be some sort of correspondence
between his allegations and his proofs. He sues the
defendant upon a promise to pay money and undertakes
to establish that liability, by showing that the defend-
ant was under some moral obligation to execute a deed,
and yet failed to do so. No attempt was made to con-
form the pleadings to the proofs, under the statute, but
the court treated the proofs as sufficiently sustaining the
complaint. It is useless to dwell on such a remarkable
departure from established and familiar principles. For
aught this record contains, the plaintiff showed no more
right of recovery than if he had offered no testimony
at all. *Link v. Vaughn*, 17 Mo. 585; *Hubbard v.
Railroad*, 63 Mo. 68; *Priest v. Way*, 87 Mo. 16; *Car-
son v. Cummings*, 69 Mo. 325. The court ought to have
sustained the defendant's demurrer to the evidence.

With the concurrence of the other judges, the judg-
ment is reversed and the cause remanded