TAUSSIG et al. v. GLENN.

GLENN v. TAUSSIG et al.

(Circuit Court of Appeals, Eighth Circuit. June 13, 1892.)

Nos. 71, 72.

**1. CORPORATIONS—STOCK—ACTIONS FOR ASSESSMENTS—EVIDENCE OF SUBSCRIPTION—STOCK LEDGER.**

The name Tanssing, Livingston & Co. is not *idem sonans* with Taussig, Livingston & Co., and the entry of the former on the stock books of a corporation, in the handwriting of its treasurer, is not competent evidence that the latter firm, or any of its members, are stockholders or subscribers to the stock of the corporation, when unsupported by any evidence tending to identify the name with the firm, especially after the lapse of 25 years and the death of the members of the firm.

**2. SAME.**

A draft drawn by the treasurer of the corporation on the firm of Taussig, Livingston & Co. about the time of the alleged subscription, but which did not correspond in date with any requisition entered in the subscription account, could have no tendency to identify the firm as having made the subscription, when there was no evidence that the draft had ever been called to its attention.

**3. SAME—BEST AND SECONDARY EVIDENCE.**

In an action against the executors of a deceased member of a firm to recover an assessment on the stock of a corporation, the complaint alleged that the firm subscribed and agreed to pay for the stock, and thereby became stockholders. Defendants specifically denied each of these allegations. *Held* that, as the issue was as to the fact of subscription, the best evidence was the written subscription itself, and, until it was produced or accounted for, the stock ledger of the corporation was inadmissible.

**4. CAUSES OF ACTION—RECOVERY.**

The action being brought solely upon the written contract of subscription, a recovery must be had upon that instrument or not at all; for suit cannot be brought on one cause of action, and a recovery had upon another.

In Error to the Circuit Court of the United States for the Eastern Judicial District of Missouri.

Action by John Glenn, trustee of the National Express & Transportation Company, against John J. Taussig and George W. Taussig, executors of Charles Taussig, and Jane Taussig, executrix of Morris Taussig, to recover an assessment on the stock of said corporation. Judgment for plaintiff, allowing interest from the date of the suit. Both parties bring error. Reversed.

For former report, see 47 Fed. Rep. 472.

*George W. Taussig*, for plaintiffs in error, Taussig and others.

*Thomas K. Skinker*, for defendant in error, Glenn.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. These two cases are brought to this court upon writs of error to reverse the same judgment. The defendant in error, John Glenn, was the plaintiff below, and the other parties were defendants, and in this opinion will be so designated. The plaintiff,

John Glenn, as trustee of the National Express & Transportation Company, a corporation, brought suit in the court below against Charles Taussig and Morris Taussig to recover alleged unpaid subscriptions of the copartnership of Taussig, Livingston & Co., which was composed of Charles Taussig, Morris Taussig, and J. H. Livingston, to the capital stock of the corporation. After the commencement of the action Charles Taussig and Morris Taussig died, and John J. Taussig and George W. Taussig, executors of Charles Taussig, and Jane Taussig, executrix of Morris Taussig, were, before the trial below, substituted for their deceased testators. After stating the citizenship of the parties and the names of the members of the firm of Taussig, Livingston & Co., the plaintiff made the following allegation in his amended petition: .

"And for cause of action states that the defendants in their said firm name heretofore subscribed for one hundred shares of the capital stock of the National Express and Transportation Company, a body corporate of the state of Virginia, duly incorporated under the laws thereof pursuant to an act of the general assembly of said state approved December 12, 1865, entitled 'An act to amend and re-enact an act to incorporate the Southern Express Company, passed March 12, 1861, and to incorporate the National Express and Transportation Company;' and thereby agreed to be liable to said company, and undertook and promised to pay said company, for each and every share so subscribed for by said defendants, the sum of one hundred dollars, in such installments and at such times as said defendant might be lawfully called upon and required to pay the same, according to the legal tenor and effect of the laws under which said company was so incorporated and said subscriptions to said stock made by said defendant, whereby, and by force of said subscription, said defendants became and were received and admitted as a stockholder in said company, and undertook to sue and be sued, implead and be impleaded, contract and be contracted with, in said corporate name, as to all matters touching and affecting the property, rights, and obligations of said corporation."

The defendants in their answer to this allegation of the petition averred:

"That no subscription to any capital stock of said company was made by Charles Taussig or Taussig, Livingston & Co., or by Morris Taussig, or by any one in their behalf, or with their consent, as alleged; that in 1865 Charles Taussig, Morris Taussig, and J. H. Livingston were partners in business as Taussig, Livingston & Co., at St. Louis, Mo.; that the sole purpose of said partnership was to buy and sell wool, hides, fur, and beeswax; that it was no part of the business of said firm to subscribe to the capital stock of said Transportation & Express Company in Virginia or elsewhere; that no subscription was ever made by such firm, as is alleged in the amended petition; that no such alleged subscription was within the purposes or scope of said partnership; and defendants deny that any partnership existed between Charles and Morris Taussig and J. H. Livingston, as alleged in said amended petition, for any of the purposes alleged in said petition."

The action was tried before the judge without a jury, and, upon the trial of the issue made by the foregoing allegations of the pleadings, the plaintiff, after he had introduced in evidence, without objection, an unpaid draft in the following words and figures:

"BALTIMORE, August 10, 1866.

"Ten days after sight pay to the order of the Bank of Commerce five hundred dollars, value received, and charge to the account of assessment on capital stock.             J. V. H. ALLEN, Treasurer Nat. Ex. & T. Co.

"*Taussig, Livingston & Co., St. Louis, Mo.*

[Indorsed:] "*Taussig, Livingston & Co.*, 16 Sept., 1866: Pay Third Natl. Bank of St. Louis or order.       C. H. CATHCART, Asst. Cash.,"

—offered in evidence a page of the stock ledger of the corporation, of which the following is a copy:

TANSSING, LIVINGSTON & CO.                ST. LOUIS.

| Date. | To Whom Trans-ferred. | Trans-fer No. | Certif-icate No. | Num-ber of Shares. | Requi-sition Drawn. | Date. | From Whom Transferred. | Trans-fer No. | Certif-icate No. | Num-ber of Shares. | Requi-sition Drawn |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 1866.<br>Apl. 13,<br>July 5 | Company. | | 775 | 100 | 1,000<br>500 |

To this the defendants duly objected, but the court admitted this evidence, and this ruling is assigned for error. There were other issues tried, and other assignments of error, but, in the view we take of this assignment, it is not necessary to notice them in arriving at a decision of this case, and they are considered and determined in *Liggett* v. *Glenn*, 51 Fed. Rep. 381, (decided at this term.) All the issues were found for the plaintiff by the court below, and judgment entered against the defendants for $10,489.36, to reverse which the defendants below sued out a writ of error in the case first above entitled.

The plaintiff prayed the court to declare the law to be that he was entitled to interest on the calls for the unpaid subscriptions which were made by decrees of competent courts in Virginia in an action against the corporation based on a creditors' bill, from the respective dates of such decrees; but the court held he was entitled to interest from the commencement of the pending suit only, and to reverse this ruling he sued out his writ of error. This question is not material to the decision of this case, and has been considered and determined in the case of *Liggett* v. *Glenn, supra,* and will not be again noticed here.

"Tanssing, Livingston & Co." is not *idem sonans* with "Taussig, Livingston & Co.," and an entry in the stock ledger of a corporation of the former name is not competent evidence that the latter firm, or any of its members, were stockholders or subscribers to the stock of the corporation. *McClaskey* v. *Barr*, 45 Fed. Rep. 151; *King* v. *Shakespeare*, 10 East, 83; *Whitwell* v. *Bennett*, 3 Bos. & P. 559; *Chamberlain* v. *Blodgett*, 96 Mo. 482, 10 S. W. Rep. 44; *Brown* v. *State*, 11 S. W. Rep. 1022; *Skelton* v. *Sackett*, 91 Mo. 377, 3 S. W. Rep. 874; *Robson* v. *Thomas*, 55 Mo. 582; *Brotherline* v. *Hammond*, 69 Pa. St. 128; *Troyer* v. *Wood*, 96 Mo. 478, 10 S. W. Rep. 42; *Whelen* v. *Weaver*, 93 Mo. 430, 6 S. W. Rep. 220; *Parchman* v. *State*, 2 Tex. App. 238; *Neiderluck* v. *State*, 21 Tex. App. 320; *Atwood* v. *Landis*, 22 Minn. 558. The rule that,

"where the name of an individual appears on the stock book of a corporation as a stockholder, the *prima facie* presumption is that he is the owner of the stock, in a case where there is nothing to rebut that presumption; and, in an action against him as a stockholder, the burden of proving that he is not a stockholder, or of rebutting that presumption, is cast upon the defendant." *Turnbull* v. *Payson*, 95 U. S. 421, is an exception to two general rules of evidence, viz.: To the rule that a party to a contract may not, unless authorized so to do by statute, in the absence of and without the knowledge of his adversary, manufacture written evidence of the contract in controversy which can be admitted in evidence to prove the contract without the oath of the writer or the admission or ratification of the opposing party, and to the rule that the burden of proof is on him who alleges the existence of a contract that is denied to prove some act or admission of his adversary consenting to or ratifying it. The general observance of these rules is important to the protection of the property rights of every citizen,—how important is perhaps well illustrated in the case at bar.

Here the representative of an insolvent corporation alleges that the firm of Taussig, Livingston & Co., of which the testators of defendants were members, subscribed to the stock of this corporation in 1866; and in support of this allegation no written subscription of theirs is produced, none is proved to have existed and to have been lost, no act or admission of any member of the old firm, which was dissolved nearly 20 years ago and whose members are dead, is proved or attempted to be proved, and the only evidence to support the allegation is this entry in the stock ledger of the corporation, and the fact that it is in the handwriting of one Allen, who was once the treasurer of the corporation, and who is neither produced nor accounted for. The difficulty of rebutting the presumption arising from such an entry after the lapse of 25 years, and after the death of the alleged subscribers, is obvious, and admonishes us that the rule adopted by the supreme court of the United States, holding such entries competent evidence against those whose individual names appear as stockholders on the stock book of the corporation, ought not to be enlarged or extended beyond its terms. The great inconvenience of establishing, by production of the original subscription, contracts and assignments of stock, the relations of stockholders scattered throughout the nation to large corporations, together with the fact that the original certificates of stock are presumptively in the possession of the stockholders, has undoubtedly had much influence in establishing this rule, and it should not be extended so far as to result, not only in greater inconvenience, but in injustice to those who are alleged to be stockholders. It should not be extended so far as to charge those as stockholders whose names do not appear on the stock book of the corporation, because other names that one might surmise were intended for, but are not, theirs, are found on the book.

The draft of August 10, 1866, did not tend to prove that the corporation referred to Taussig, Livingston & Co., by the account against Tanssing, Livingston & Co., because it did not correspond in date with

any requisition entered in that account; moreover, there was no evidence that this draft was ever brought to the attention of Taussig, Livingston & Co. in any way, so that it was without probative force against the defendants.    The name of "Tanssing, Livingston & Co." was not the name of the firm plaintiff sought to charge in this action; it was not *idem sonans* with that name; it was not spelled in the same way as was that name; and it was not in any way, by the evidence or testimony, identified or connected with that firm.    Under these circumstances it was error to admit the entry upon the stock book under this name as evidence against the defendants.

Moreover, when it was offered in evidence this entry in the stock book was not competent evidence under the pleadings.    The plaintiff's allegation was that Taussig, Livingston & Co. subscribed and agreed to pay for this stock, and thereby became stockholders.    The defendants denied that that firm ever subscribed or agreed to pay for any such stock.    The only issue here was whether or not Taussig, Livingston & Co. ever subscribed for this stock.    Manifestly the best evidence of this fact was the written subscription itself, and until this was produced, or its absence accounted for, the stock ledger was, at best, but secondary evidence of the subscription, and was incompetent.    The plaintiff cannot escape from this rule of evidence after pleading, as he did, the contract of subscription as the basis of his action, by virtue of which alone he alleged this firm became a stockholder, by putting the stock ledger in evidence on the trial to prove that the firm was once a stockholder.

This action was based on the written contract of subscription, and nothing else; hence a recovery must be had upon that instrument or not at all.    Suit can not be brought upon one cause of action and recovery had upon another.    *Clement* v. *Yeates*, 69 Mo. 623; *Stix* v. *Matthews*, 75 Mo. 96, 100; *Weil* v. *Posten*, 77 Mo. 284, 287; *Sumner* v. *Rogers*, 90 Mo. 324, 329, 2 S. W. Rep. 476; *Carson* v. *Cummings*, 69 Mo. 325; *Kemp* v. *Foster*, 22 Mo. App. 643; *Price* v. *Railroad Co.*, 40 Mo. App. 189.    The judgment below is reversed, and the cause remanded, with instructions to grant a new trial.