————o————ı

WILLIAM ROBSON, Plaintiff in Error, *vs.* ABNER THOMAS, Defendant in Error.

1. *Aeknowledgment—Certificate need not declare party to be "personally" known.* —It is settled in this State that it is not necessary that a certificate of acknowledgment should state that the person therein named as grantor was "personally" known to the officer. It is sufficient if it sets forth that such person was known to him.

2. *Ejectment—Sheriff's deed—Idem sonans.*—In ejectment by the grantee in a sheriff's deed, where the evidence showed that judgment was rendered for

| 55 | 581 |
| 96 | 484 |
| 55 | 581 |
| 102 | 83 |
| 55 | 581 |
| 114 | 179 |
| 117 | 539 |
| 55 | 581 |
| 118 | 197 |
| 55 | 581 |
| 89a | 181 |
| 55 | 581 |
| 94a ³ | 22 |

one "Mariah H. Mather;" but the deed recited the rendition of judgment for "Mariah Mathews," *held,* that the deed was inadmissible. Mathews and Mather are not *idem sonans.*

It matters not how words are spelled, they are *idem sonans* within the meaning of the books, when, if the attentive ear finds difficulty in distinguishing them when pronounced; or common and long continued usage has by corruption or abbreviation made them identical in pronunciation.

*Appeal from Clinton Circuit Court.*

F. M. Lowe and Thomas E. Turney, for Respondent.

F. E Merryman and Charles Ingles, for Appellant.

SHERWOOD, Judge, delivered the opinion of the court.

Action of ejectment. Petition and answer in usual form. Both parties claim Harvey S. Bowers as the common source of title. The plaintiff read in evidence, against the objection of the defendant, a deed from Bowers to plaintiff for the land in controversy, dated the 12th day of March, 1862, and recorded September the 23d, 1865. The only ground of objection to this deed was, that the certificate of acknowledgment did not state that the grantor therein named was "personally known" to the officer. The certificate was in this form :

STATE OF WISCONSIN, } ss.
    County of Waupacca. }

Be it remembered, that on the 12th day of March, A. D. 1862, personally came before me the above named Harvey S. Bowers, to me known to be the person who executed the said deed, and acknowledged the same to be his free act and deed for the uses and purposes therein mentioned.

[L. S.]                           W. S. CARR, Notary Public.
Waupacca Co., Wis.

The defendant having shown himself the purchaser at administration sale of all the right, title and interest of William Moore, deceased, in the property in question, offered in evidence a deed from the sheriff of Clinton County, dated and acknowledged October the 11th, 1864, and recorded Nov, 2nd, 1864, which recited a judgment recovered April 9, 1861, by Mariah H. Mathews and A. P. Mathews against Harvey S.

Bowers; the issuance of an execution thereon, August the 5th, 1864; and the sale thereunder of the land sued for, to William Moore on the 11th of October, 1864.

The plaintiff objected to the admission of this deed on the ground that it was not supported by any judgment or execution. And it was agreed between the parties that there was no judgment rendered as recited in said deed in favor of Mariah H. Mathews and A. P. Mathews and against Harvey S. Bowers, nor was there any execution issued in favor of said Mathews and Mathews against said Bowers, as recited in said deed; but it was also agreed, that on the 9th day of April, 1861, Maria H. Mather and A. P. Mather recovered a judgment against Harvey S. Bowers; that execution issued on such judgment on the 5th day of August, 1864, directed to the sheriff of Clinton County, and that such execution is lost. The court then refused to admit the sheriff's deed to Moore in evidence, and also refused to admit the record of the judgment in favor of Mather and Mather in support of said deed.

Judgment was then rendered for the plaintiff and the defendant has appealed.

There was no error in admitting in evidence the deed from Bowers to the plaintiff, as the certificate of acknowledgment was not faulty or defective in the particular pointed out by defendant.

It is settled in this State, that it is not necessary that the certificate should state that the person therein named as grantor was "*personally*" known to the officer. It is sufficient if it sets forth that the person was *known* to him. (Alexander and Betts vs. Merry, 9 Mo., 514.)

The court properly refused to admit the sheriff's deed to Moore in evidence. Mathews and Mather are not *idem sonans*. Their ordinary pronunciation is by no means similar. The one is readily distinguishable in its sound from the other. (See State vs. Curran, 18 Mo., 320.) It matters not how two names are spelled, what their orthography is; they are *idem sonans* within the meaning of the books, if the attentive ear finds

difficulty in distinguishing them when pronounced, or common
and long continued usage has by corruption or abbreviation
made them identical in pronunciation. (See State vs. Hardy,
21 Mo., 498, and cases cited; Cato vs. Hutson, 7 Mo., 142.)

As the above points are decisive of 'this case, it is unnec-
essary to notice others to which our attention has been called.

Judgment affirmed; .Judges Adams and Napton dissent:
the other judges concur.