WHELEN, *Plaintiff in Error*, v. WEAVER *et al.*

1. **Practice :** ORDER OF PUBLICATION : TAX SALE : DEED. Where the order of publication in a tax suit was addressed to *Henry W heler*, when the true name of the defendant is *Henry W helen*, the judgment was void, and the sheriff's deed, made in pursuance of the sale under the judgment, conveyed no title, as against the owner.

2. **Idem Sonans.** Names are *idem sonans* if the attentive ear finds difficulty in distinguishing them when pronounced, or common

and long-continued usage has, by corruption or abbreviation, made them identical in pronunciation. *Wheler* and *Whelen* are not *idem sonans*.

3. **Tax Suit: SHERIFF'S DEED.** A sheriff's deed in a tax suit conveys only the interest of parties who are made defendants.

*Error to Shannon Circuit Court.*—HON. J. R. WOOD-SIDE, Judge.

REVERSED AND REMANDED.

*Settle & Bugg* for plaintiff in-error.

(1) The judgment rendered by the justice of the peace, on which is based defendants' claim of title in the proceeding to enforce the state's lien for back taxes, is void, because said proceedings and judgment are against Henry Wheler and not Henry Whelen. The names Henry Wheler and Henry Whelen are not one and the same name. 55 Mo. 581. Henry Whelen was not a party to the suit to enforce the state's lien for back taxes, and his interest in the lands in controversy cannot be affected thereby. *Park v. Laughlin*, 49 Mo. 162. (2) No delinquent list including the lands in controversy, for the year 1878, was returned by the collector of Shannon county to the county court, and hence no right of action ever accrued to the state to enforce its lien for back taxes. Blackwell on Tax Titles [4 Ed.] 204, 205. (3) The judgment rendered by the justice of the peace, upon which is based defendants' claim of title, is absolutely void. Justices of the peace have no jurisdiction in suits to enforce the state's lien for back taxes. *Gordon v. Hopkins*, 87 Mo. 519.

*A. H. Livingston* for defendants in error.

BLACK, J.—This is an action of ejectment for three parcels of land in Shannon county. Plaintiff shows a complete chain of title, by patent and deeds, in himself, to the described property, all of which deeds were duly

executed and recorded on or prior to December 12, 1871. He continued to be owner of the land until 1879, when he conveyed to one Mendenhall, who conveyed back to plaintiff in February, 1883.

The defendants' title is a sheriff's deed, dated November 5, 1880, to defendant Weaver. The deed recites a sale under a special execution, issued on a transcript of a judgment of a justice of the peace. The judgment was rendered by the justice in a suit by the state at the relation of the collector of Shannon county against Henry Wheler for the collection of taxes due on the land for the year 1878. The only notice of that suit, to the defendant in that case, was an order of publication. The sheriff's deed does not describe one of the parcels of land sued for, and, as to that, the defendant does not have even a shadow of a title.

Again, the plaintiff sues by the name of *Henry Whelen*, and this seems to be his name, as disclosed by the deeds to and from him. The order of publication in the [tax suit is addressed to *Henry Wheler*. The proceedings, in that suit, from first to last, are against *Henry Wheler*. Whelen and Wheler are not the same, they are not *idem sonans*. In *Robson v. Thomas*, 55 Mo. 582, names are said to be *idem sonans* if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long-continued usage has, by corruption or abbreviation, made them identical in pronunciation. Here the pronunciation is entirely different. The tax proceedings, including the deed, are of no force or effect as against the plaintiff, for we have, on several occasions, held that in these tax suits the sheriff's deed conveys only the interests of the parties who are made defendants, and the plaintiff was not made a defendant in this tax suit.

Without considering the other questions, the judgment, which was for the defendants, is reversed and the cause remanded. All concur.