CHAMBERLAIN v. BLODGETT, *Appellant.*

1. **Tax Sale**: PUBLICATION : ERROR IN NAME : IDEM SONANS. No one is served by publication who is not correctly named ; a publication as to "*Miller*" is no publication as to "*Millen,*" the two names not being *idem sonans.*

2. ——— : ——— : ——— : ———. A sale of the land of M. B. Millen for taxes in a tax proceeding, where the publication of notice of the suit was to M. B. Miller, is void ; and it makes no difference, as against a grantee of Millen, that the name of Miller appears on the tract-books of the county as owner of the land. (*Affirming Troyer v. Wood, ante,* p. 478).

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*George Hubbert* for appellant.

(1) The taxes against the land were a lien thereon, not the debt of its owner ; and the assessment, suit and publication against the land and its "apparent owner," designated as "M. B. Miller," charged the owner with notice and gave the court jurisdiction to pronounce decree and pass title to the land, because the public records, to which resort must be had under the law to ascertain who was its owner, fixed that name as the proper designation of its owner (as he was bound to know), for the purposes of a suit for taxes, in the absence of evidence of a different ownership. R. S. sec. 6853; *State ex rel. v. Sargeant,* 76 Mo. 557 ; Laws of 1881, p. 184, sec. 4; *Payne v. Lott,* 90 Mo. 676 ; R. S. secs. 2281, 6697, 6703, 6707; *Vance v. Corrigan,* 78 Mo. 94; *State ex rel. v. Sack,* 79 Mo. 661 ; *Cowell v. Gray,* 85 Mo. 169 ; *State ex rel. v. Miller,* 16 Mo. App. 539 ; *Perry v. Woodson,* 33 Mo. 347 ; *Weber v. Ebling,* 2 Mo.

App. 15; *Kronski v. Mo. Pac. Ry. Co.*, 77 Mo. 370. (2) The names Miller and Millen are *idem sonans*, and the assessment, process and decree for taxes against the land in either name, especially when preceded and supported by the land records with the same spelling of the name, was sufficient to pass the title, through sale and conveyance thereunder.

*Norman Gibbs* and *Thos. M. Allen* for respondent.

SHERWOOD, J.—Ejectment for the southeast quarter of section 3, township 24, range 28, in Barry county. Plaintiff relies upon tax proceedings in the Barry circuit court instituted against M. B. *Miller*, resulting in a sale of the land aforesaid, and a deed by the sheriff to Talbert and Hesse, under whom plaintiff claims by mesne conveyances. The county tract-book shows for more than ten years past that the property in suit had been located and entered in 1857, by said M. B. *Miller*. The defendant Blodgett is the tenant of Allen, who bought the land and received a deed from McPherson B. *Millen*, the patentee from the United States Government in 1860, which patent was put to record in 1885, after the occurrence of the tax-sale. The deed of the patentee to Allen is signed "M. B. Millen."

Under the provisions of the statute, where proceedings are instituted against a non-resident, in order to the enforcement of a lien against his property, he must be *named* in the order of publication. R. S. sec. 3494. If not thus named, and named correctly, the substituted service of process is as void and valueless as if a *blank* had been left where the wrong name was inserted.

A case of this sort does not rest upon the same footing, by any means, as the service of personal process upon the right party by the wrong name. Such service as that is generally held to be good (Wade on Notice, sec. 1318); but the distinction between the two methods of service and their legal effect is most obvious. In the

case of substituted service or service by publication, no one is served who is not named, or what amounts to the same thing, who is incorrectly named, while in case of personal service, the right party is *actually served by delivery of the writ*, though he is not correctly named therein.

The publication as to *Miller* was no publication as to *Millen ;* the names are not *idem sonans ;* they are readily distinguishable in sound from each other ; their pronunciation is by no means similar. "It matters not how two names are spelled, what their orthography is ; they are *idem sonans*, within the meaning of the books, if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation." This was the rule announced in *Robson v. Thomas*, 55 Mo. 581, where it was held that *Mathews* and *Mather* were not *idem sonans*. See, also, *Whelen v. Weaver*, 93 Mo. 430.

This is not a case of a judgment *in rem* where the proceedings bind the whole world ; but the proceedings were of a limited character, they bound only the parties to the tax suit. *Millen* was not one of those parties ; and process in such cases gives no jurisdiction as to the things indebted, when it fails to run against such "*thing-as-the-property-of-the-debtor*." Waples on Proc. in Rem, sec. 596. And the necessity for the service of notice is just as great in this class of actions as in any other. A judgment without notice is void, and it is beyond the power of the legislature to make it valid. Notice in some form is the *sine qua non* of jurisdiction.

And the case is not bettered for the plaintiff because the name of Miller was on the tract-books of the county, as the owner of the land. It would have made no difference either, if his name had been on the deed records as the apparent owner, because this is not a case where an apparent owner has been at one time the real owner

of the property, and others whose names do not appear hold by unrecorded deed, or as heirs or devisees; on the contrary, the grantee of *Millen* holds by a title wholly independent of *Miller*. He is not in privity with, and makes no claim under, him.

The authorities bearing on the different points hereinbefore set forth, are fully discussed in *Troyer v. Wood, ante*, p. 478.

Ruling the same way in this case as in that, we affirm the judgment. All concur; RAY, J., absent.