## MILTONVALE STATE BANK v. F. KUHNLE.

1. NAMES—*Idem sonans.* The names "Johnston" and "Johnson" are pronounced so nearly the same by the generality of mankind that they are *idem sonans.*

2. CASES, *Followed.* The cases of *Farmers' Bank v. Bank of Glen Elder,* 46 Kas. 376, and *Howard v. National Bank,* 44 id. 549, followed.

3. FINDINGS—*Evidence.* The testimony examined, and, *held,* that the findings of the court are supported by the evidence.

*Error from Cloud District Court.*

THE opinion states the facts.

*Pulsifer & Alexander,* for plaintiff in error:

Within *Farmers' Bank v. Bank of Glen Elder,* 46 Kas. 376, and *Howard v. National Bank,* 44 id. 549, the defendant in error could have no right as against plaintiff in error, under the facts, by virtue of his chattel mortgages of April 17, 1886.

The names "Samuel M. Johnston" and "S. M. Johnson" are not the same; the names "Johnston" and "Johnson" are not even *idem sonans. Bull v. Franklin,* 2 Spears (S. C.), 46; *Mead v. The State,* 26 Ohio St. 505; *Selman v. Orr,* 12 S. W. Rep. 697.

The court erred in finding that the defendant in error had any right to the said five cows under his mortgage of April 15, 1887, even if it was valid as against the objection hereto-

fore made; for Kuhnle never claimed under it. There was
no evidence to sustain a finding in favor of defendant in error
for the five cows, under the mortgage of April 15, 1887.

*Dawes & Durrin*, for defendant in error :

Defendant in error held a mortgage on cattle, dated April
15, 1887. This mortgage was never renewed, and would
therefore become void April 15, 1888, to subsequent purchas-
ers without notice. Plaintiff in error took a mortgage on the
same cattle September 7, 1887, while the above mortgage was
yet alive. It being alive and valid at the time plaintiff in
error took its mortgage, as to said mortgage so taken it could
never die. *Farmers' Bank v. Bank of Glen Elder*, 46 Kas.
377.

If we are correct as to the above proposition, then when
defendant in error took his mortgage of March 17, 1888, to
secure the same debt upon the same cattle, he merely changed
one mortgage for another, the security being the same as be-
fore. The moment one mortgage ceased to exist, the other
took effect, and there was no interim in which defendant in
error did not have the first lien upon the cattle. Defendant
in error had a right to take another mortgage, and it did not
affect plaintiff in error in the least.

Opinion by GREEN, C.: This was an action in replevin,
brought in the district court of Cloud county by the Milton-
vale State Bank against F. Kuhnle, to recover eight cows and
four calves, of the aggregate value of $200. The plaintiff
claimed the property under a chattel mortgage made by Sam-
uel M. Johnston to it on the 7th day of September, 1887, to
secure the payment of $925, and filed for record the next day
in the office of the register of deeds of Ottawa county, where
the mortgagor resided and the property was then kept. The
mortgage was kept alive by a renewal affidavit filed in the
office of the register of deeds on the 22d day of August, 1888.
The defendant claimed the same property under mortgages
executed by the same mortgagor to him as follows: To se-

cure the payment of $171, executed on the 17th day of April, 1886, which was properly filed for record three days later, but was never kept alive by a renewal affidavit. On the 15th day of April, 1887, S. M. Johnson executed a chattel mortgage to the defendant to secure the payment of $100, which was duly filed for record on the 18th day of April, 1887, but was never renewed. On the 17th day of March, 1888, Samuel M. Johnston executed a chattel mortgage to the defendant to secure the payment of $147.70, which was filed for record on the 27th of the same month, but was never kept alive. Upon the above facts, the court found that the defendant was entitled to a return of five of the cows, or $101, their value. The claim is made by the plaintiff in error that the mortgage of April 15, 1887, is wholly insufficient to furnish it with record notice of the existence of such mortgage, for the reason that the mortgagor's name under whom both parties claimed was Samuel M. Johnston, while this mortgage was given by S. M. Johnson. The defendant in error contends that he held the cows under the mortgage dated April 15, 1887; that the plaintiff in error took a mortgage upon the same cattle September 7, 1887, while his mortgage was yet alive and in force. It being alive and valid at the time the plaintiff in error took its mortgage, as to the defendant in error's mortgage so taken it could never die. The contention of the plaintiff in error, that a mortgage executed by S. M. Johnson is not sufficient to impart notice of the execution of a mortgage by Samuel M. Johnston is not well taken. This court has said that a written instrument should not be regarded as a nullity because the Christian name of any person is not mentioned therein and has not been written in full, but only the initial letters have been used. (*Ferguson v. Smith*, 10 Kas. 397.)

It is insisted that Johnston and Johnson are not even *idem sonans*. The rule has been stated —

"That absolute accuracy in spelling names is not required in documents or proceedings, either civil or criminal; that if the name as spelled in the document, though different from the

correct spelling thereof, conveys to the ear when pronounced according to commonly accepted methods a sound practically identical with the sound of the correct name as commonly pronounced, the name as thus given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error." (16 Am. & Eng. Encyc. of Law, 122.)

In the pronunciation of proper names greater latitude is indulged in than in any other class of words. (*Rooks v. The State*, 83 Ala. 79.) Courts will not enforce the exact rule of lexicographers in the spelling and pronunciation of words. Indeed, it is difficult to determine when names are of the same sound, and it would take a practiced ear to detect the difference in the sound of Johnston and Johnson, as ordinarily pronounced by the generality of mankind. As previously held by this court in the case of *Howard v. National Bank*, 44 Kas. 549, and *Farmers' Bank v. Bank of Glen Elder*, 46 id. 376, a subsequent mortgage with notice of a prior mortgage is not a subsequent mortgage in good faith, under ¶ 3905 of the General Statutes of 1889. Upon the authority of the above cases, the trial court was correct in the judgment rendered.

The last point urged is, that there was no evidence before the court to sustain the findings in favor of the defendant for the five cows, under the mortgage of April 15, 1887. It seemed to have been conceded that the five cows adjudged to be the defendant's were in all of the chattel mortgages. The court so found, and we think there is some evidence to support the finding in the record.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.