SIMONSON v. DOLAN *et al., Appellants.*

Division Two, February 14, 1893.

1. **Suit for Taxes:** OWNER OF LAND: PRACTICE. The provision of the statute that suits for taxes shall be brought against the owner of the land is fulfilled by bringing suit against the person who appears from the records of deeds to be the owner, in the absence of notice of the fact that such person is not the true owner.

2. **Names :** IDEM SONANS. Names are *idem sonans* if the attentive ear finds difficulty in distinguishing them when pronounced, or where common and long continued usage has by corruption or abbreviation made them identical in pronunciation.

3. ——— : ———. It is not absolutely necessary that names should be spelled alike to make them *idem sonans,* but the pronunciation and sound must be the same.

4. ——— : ———. The names *Siemson* and *Simonson* are not *idem sonans.*

5. ——— : ———: TAX SUIT: VOID JUDGMENT. Where a judgment in a tax suit is against *Siemson* and the name of the owner of the land is *Simonson,* as shown by the deeds read in evidence, the judgment and tax deed are absolutely void and the latter passed no title.

*Appeal from Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*O. D. Jones* for appellants.

(1) The name *Siemson* is *idem sonans* with *Simonson.* 16 American & English Encyclopedia of Law, p. 122; *Chamberlain v. Blodgett,* 96 Mo. 482. (2) The proceedings and sheriff's deed are sufficient to vest the legal title in the defendants. This case is different in facts from *Guffey v. O'Reilley,* 88 Mo. 418.

*L. F. Cottey* for respondent.

(1) The names *Siemson* and *Simonson* are not *idem sonans*. *Robson v. Thomas*, 55 Mo. 481; *Whelan v. Weaver*, 93 Mo. 430; *Chamberlain v. Blodgett*, 96 Mo. 482; 16 American & English Encyclopedia of Law, pp. 125–6. (2) The suit and judgment being against *Siemson* did not bind *Simonson* who was not a party thereto. *Troyer v. Wood*, 96 Mo. 478; *Allen v. Ray*, 96 Mo. 542; Revised Statutes, 1879, sec. 6837; Revised Statutes, 1889, sec. 7682.

BURGESS, J.—Suit in ejectment to recover one hundred and sixty acres of land in Knox county, Missouri. Plaintiff showed a regular chain of title from the government to himself. Defendants admit possession and claim under a judgment and execution sale for taxes, wherein one William P. McGonagle, collector of the revenue of Knox county, was plaintiff and Andrew Simonson was defendant. Defendant Dolan also sets up in his answer by way of estoppel a verbal agreement made with the plaintiff, by which he was to buy the land in at the tax sale; was to have the use of it for ninety-nine years, and that he had made improvements thereon to the value of $216. Plaintiff filed a reply denying new matter set up in the answer.

The plaintiff is a very old man, about the age of eighty-two years, resided in the state of Iowa, and there is no evidence that he either knew that the land had in fact been sold, who bought it, or that any improvements had been made thereon.

The cause was tried by the court without the aid of a jury. No instructions were asked by plaintiff. Defendants asked three instructions, all of which were refused. They are as follows:

"1.   The court declares the law of the case to be, that the fact that one or two of the insertions of the publication of the notice of the commencement of the suit were made prior to the taking effect of the practice act or code of procedure making the last insertion of the four weeks notice fifteen days before the return term as embodied in the Revised Statutes, 1889; notice to the defendant does not make the order of publication for that reason null and void.

"2.   That the judgment and sheriff's deed are not void as a matter of law on their face or in the light of the service of process by the order of publication, and they cannot be attacked by the plaintiff on account of any of the irregularities relied on in evidence in this collateral proceeding, and the defendants are entitled to recover.

"3.   That the names Andrew Simonson and Andrew Siemson are in law *idem sonans*, and the judgment is not void in law."

Which the court refused to give, to which ruling defendants duly excepted.

The court found for plaintiff for the possession of the premises, $63 damages, and also found that there was due defendants for taxes and improvements over and above the rents, $238.15, which sum was made a lien on the land, and ordered that upon payment thereof plaintiff have his writ of ejectment.   Defendant filed his motion for new trial, which being overruled, he brings the case to this court by appeal.

The vital question in this case. and the one upon which it mainly depends, is the validity or invalidity of the judgment for taxes, sale and sheriff's deed thereunder, under which defendants claim title.   Section 6837, Revised Statutes, 1879, and section 7682, Revised Statutes, 1889, under which the proceedings were had, expressly provide that the suit shall be brought against

Simonson v. Dolan.

the owner of the land.  This court has held that this requirement of the statute is fulfilled by bringing suit against the person who appears from the records of deeds to be the owner, in the absence of notice of the fact that such person was not the true owner.  *Payne v. Lott*, 90 Mo. 676.  The proceedings throughout were against Siemson, while the records show that the owner of the lands was Simonson.  Now, unless their names are *idem sonans*, then the tax deed was void, and defendants acquired no title thereby, for the reason that plaintiff was not a party to the suit, and the judgment and sale thereunder were absolutely void and of no effect.

The rule established by the authorities is that names are *idem sonans*, if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation.  *Whelen v. Weaver*, 93 Mo. 430; *Robson v. Thomas*, 55 Mo. 581; *Chamberlain v. Blodgett*, 96 Mo. 482.  It is not absolutely necessary that the names should be spelled alike, so that the pronunciation is the same.  Here the pronunciation of the two names, Siemson and Simonson, is not alike, and one would scarcely take the one for the other.  And while it is absolutely necessary that the two names should not be spelled alike in order to bring them within the rule herein applied to *idem sonans*, the pronunciation and sound must be the same and it is somewhat difficult to observe how Siemson could be pronounced Simonson or *vice versa*, when the first name is spelled with two syllables and the last with three.  The plaintiff's name, as shown by the deeds to him which were read in evidence, is Simonson, and the judgment under which the land was sold being against Siemson is absolutely void as well also as the tax deed, and passed no title.

The instructions asked by defendants were rightfully·refused, and as the evidence fails to show a valid contract between defendant Dolan and plaintiff, by which Dolan was to buy the land at the tax sale, and as it also fails to show any act or acts on the part of plaintiff by which he would be estopped from claiming it, the judgment will be affirmed.   All of this division concur.