ROBERT L. GREEN, Respondent, HARRY J. MEYERS et al., Appellants.

Kansas City Court of Appeals, February 16, 1903.

1. **Judgments: LIENS: NOTICE: IDEM SONANS: SPELLING.** The names "Seibert" and "Sibert" are not only *idem sonans*, but are practically the same name, and a judgment abstracted against "Sibert" gives notice of a judgment against "Seibert" since searchers for liens ought to know the different forms in which the same name may be spelled and search accordingly, unless the spelling is so entirely unusual that a person can not be expected to think of it.

2. ———: ———: ———: ———: **INDICES.** The fact that the indices are kept on the vowel system and names beginning with "Si" are found several pages farther on than those with "Se" is immaterial, since one must be charged with notice that the name may be spelled either way.

3. ———: ———: ———: ———: **ENGLISH LANGUAGE.** In some jurisdictions it is held, since the records are kept in the English language, the initial capital letter will be governed by English usage and not by usage of a foreign language; but if letters following the initial have the same sound in a foreign language that a different letter has in English, and this foreign sound is customarily given in the community, then the letters in the two languages will be *idem sonans*. But no decision is made on these matters in this case.

4. ———: ———: ———: ———: **EYE AND EAR.** While record notice is principally a matter of sight and not sound, yet it is above all a matter for the consideration of the mind; and if a name spelled in one way should suggest to the ordinary mind that it is also commonly spelled another way, the searcher is charged with whatever the record shows in the other spelling under the same capital letter, and the rule of *idem sonans* is applied to records by the Missouri courts.

5. ———: ———: ———: **CHRISTIAN NAME: INITIAL.** Knowledge which puts a reasonable man on inquiry and such inquiry as would lead to knowledge of the thing sought, is notice; and a judgment abstracted against "E. G." is sufficient notice of the full Christian name, "Eleanor G."

6. ———: ———: ———: ———: **PUBLICATION: KNOWLEDGE.** In a publication to bring a defendant into court, he may know that

he is intended, but such knowledge will not supply the place of a proper order published with substantial correctness; since in such cases knowledge is not notice; but in the records of judgments and deeds, knowledge will supply notice, since if there be knowledge there need not be notice.

7. ———: ———: ABSTRACT: COSTS: STATUTE. The failure in the abstract of a judgment to mention the costs and their amount is not sufficient to nullify a judgment otherwise properly entered.

Appeal from Jackson Circuit Court. — *Hon. J. H. Slover*, Judge.

REVERSED.

*W. C. Hock* for appellants.

(1) The filing and indexing of the transcript judgment against E. G. Seibert constituted a valid lien against her real property, though held and subsequently conveyed by her under the name of Eleanor G. Sibert, and such conveyance can not affect the lien. The names Seibert and Sibert are *idem sonans*. 16 Am. and Eng. Ency. of Law, p. 122; State v. Mohr, 55 Mo. App. 327; 1 Bishop, Crim. Pros., sec. 688; Donnell v. U. S., 1 Morris (Iowa) 141. (2) The principle of *idem sonans* applies to judgment records. Myers v. Fegely, 39 Pa. St. 434; Bergman's Appeal, 88 Pa. St. 120; Crouse v. Murphy, 140 Pa. St. 335; Robson v. Thomas, 55 Mo. 581; Simonson v. Dolan, 114 Mo. 179; Whelan v. Weaver, 93 Mo. 431; Chamberlain v. Blodgett, 96 Mo. 482; Greer v. Lumber Co., 134 Mo. 93. (3) It was good and sufficient notice to give the initials of the Christian name. 16 Am. and Eng. Ency. of Law, p. 119, sec. 17; Fisher v. Bush, 133 Ind. 321; Pinney v. Russell, 52 Minn. 8; Mystrom v. Quinby, 60 Minn. 8; Taylor v. Bowen, 84 Mo. App. 617; Mosely v. Reily, 126 Mo. 124; Martin v. Baron, 37 Mo. 300; Bank v. Kuhule, 50 Kan. 420. (4) Plaintiff, upon the agreed statement of facts and evidence, is not entitled to equitable relief. Alford v. Syracuse, 163 N. Y. 161; Douglas v. Nazum, 16 Kan.

519; Smith v. Taylor, 78 Mo. App. 633; 1 Rapalje and Lawrence's Law Dictionary, p. 221; 6 Am. and Eng. Ency. of Law, pp. 149-150; Mellen v. Mellen, 139 N. Y. 219; Hamilton v. Fond du Lac, 25 Wis. 479.

*L. C. Boyle* and *Sidney B. Wood* for respondent.

(1) Is the respondent entitled to equitable relief? Bank v. Evans, 51 Mo. 335; Jones v. Perry, 10 Yerg. (Tenn.) 83; Almony v. Hicks, 3 Head (Tenn.) 39; Fonda v. Sage, 48 N. Y. 173; Whitney v. Port Huron, 88 Mich. 268.   (2) The name of the judgment debtor was incorrectly entered.   (3) Does the rule of *idem sonans* apply to records?   17 Am. and Eng. Ency. of Law (2 Ed.), p. 776; Heil's Appeal, 40 Pa. St. 453; 16 Am. and Eng. Ency. of Law (2 Ed.), p. 127; Emeric v. Alvarado, 90 Cal. 446; Commonwealth v. Gillespie, 7 Serg. & R. (Pa.) 469.   (4)   The Christian name of the debtor should have been given in the record.   Skelton v. Sackett, 91 Mo. 377; Martin v. Baron, 37 Mo. 301; Cattle Co. v. Becker, 147 U. S. 47, and cases cited; Marx v. Hawthorne, 148 U. S. 172; Yount v. State, 64 Ind. 443; Wilson v. Shannon, 6 Ark. 196; Norris v. Graves, 4 Strobh. L. 32; Seely v. Bon, 1 N. J. L. 138; Campbell v. Procter, Harp. L. 49; Kinnersley v. Knott, 7 C. B. 980; Turner v. Fitt, 3 C. B. 701; Oakley v. Pegler, 30 Neb. 628; Knox v. Starks, 4 Minn. 20; Kenyon v. Simon, 43 Minn. 180; Beggs v. Wellman, 82 Ala. 391; Nash v. Collier, 5 Dowl. & L. 341; Fearless v. Abbott, 28 Mich. 270.   (5) The amount of the judgment and names of the parties were incorrectly entered in the abstract.   Glasscock v. Stringer, 32 S. W. 920; Noble v. Barnes, 55 S. W. 382, 22 Tex. C. A. 357; Evans v. Frisby, 19 S. W. 510, 84 Tex. 341; Willis v. Sanger, 40 S. W. 229, 15 Tex. C. A. 655; R. S. 1899, sec. 3759.

ELLISON, J.—This is a petition for injunction to restrain the sale of plaintiff's real estate under an execution. Plaintiff had judgment in the trial court.

On April 23, 1901, the plaintiff purchased from Eleanor G. Sibert the property in question. Theretofore, on January 18, 1901, defendants recovered judgment against E. G. Seibert for $108 and costs, and on that day took a transcript of the judgment to be filed with the clerk of the circuit court, where it was abstracted in the abstract of judgments as a judgment against E. G. Seibert. Personal service was had in the suit upon which the judgment was rendered. E. G. Seibert and Eleanor G. Sibert are one and the same person. Plaintiff had no actual notice of the judgment when he purchased the property, and the question is, does the record charge him with notice?

1. The names "Seibert" and "Sibert" are not only *idem sonans*—they not only sound the same in utterance—but they are, practically, the same name. Therefore, no matter which way it may be spelled by the party himself, or by the recording officer, it is notice. It is common knowledge that proper names are spelled in a variety of ways, and everybody is presumed to have such knowledge. Thus, Reed, Reid and Read are different ways of spelling one name. Manifestly, the record of a judgment against Reed is notice to a subsequent purchaser from the same man signing the deed as Reid. "Persons searching the judgment docket for liens, ought to know the different forms in which the same name may be spelled and to make their searches accordingly, unless, indeed the spelling is so entirely unusual that a person can not be expected to think of it." Meyers v. Fegley, 39 Pa. St. 434.

2. The fact that the indices are kept on the vowel system, as in this case, and that names beginning with the letters "Si," are found several pages further on than those beginning with "Se," can make no difference, for, as before stated, one must be charged with

notice that the name he seeks may be found spelled either way.

3.    But it has been decided in Pennsylvania that, in so far as the initial capital letter is concerned, this must be understood to apply to the English language, for our records are kept in that language.    So that the same name may be spelled in such different ways in some other language as not to appear to be the same to the English mind, the difference producing a tendency to mislead. Thus, the letters Y and J are pronounced alike in the German language, yet a judgment entered against George P. Joest is not notice of a judgment against George P. Yoest.    Heil's Appeal, 40 Pa. St. 453.    There is nothing to suggest to the ordinary English mind in looking through the letter Y, in the indices, that the name might be found under some other capital.    If, however, in the spelling of a name, letters following the capital have the same sound in a foreign language that a different letter has in our language and this sound is customarily given it in the community, then they will be held *idem sonans,* as Bupp for Bopp in Meyers v. Fegley, supra.    As to these suggestions, it is not necessary that we make any decision, and we do not.

4.    Some confusion has arisen in the authorities as to whether the rule as to *idem sonans* applies to records. It is said that the law of notice by record is addressed to the eye and not the ear, and that therefore the rule can not apply to records.    It is true that record notice is principally a matter of sight and not sound.    Yet it is, above all, a matter for the consideration of the mind, and if the record of a name spelled in one way should directly suggest to the ordinary mind that it is also commonly spelled another way, the searcher should be charged with whatever the record showed in some other spelling under the same capital letter.    It is not necessary to decide here whether this would be carried out to the extent of holding that the searcher

for information in the record should look under some other capital for another mode of finding the same name; as for instance, Kane and Cain, Phelps and Felps, etc. But that the rule of *idem sonans* has been applied to records, has been too often accepted by the Supreme Court of this State for us to question it. See Simonson v. Dolan, 114 Mo. 179; Whelen v. Weaver, 93 Mo. 432; Chamberlain v. Blodgett, 96 Mo. 482; Geer v. Lumber Co., 134 Mo. 93.

5. The further question to consider is whether the judgment being abstracted by the initials of the Christian name, E. G., is sufficient notice to a purchaser from Eleanor G.? We think that it is. The record is for notice. And a person is chargeable with notice if he has knowledge of that which would put a reasonable man on further inquiry, and such inquiry followed, would lead to knowledge of the thing sought for. One who is interested in examining a record index for the name of Eleanor G. as the Christian name of a certain surname and finds prefixed to such surname, the initials E. G., will certainly have his attention arrested, and it would surely beget in him enough concern, if he be acting in good faith, to inquire further. So we say that the initials, E. G. in the abstract of judgment in this case, were sufficient notice of the full name Eleanor G. See Jones, Estate, 27 Pa. St. 336; Fisher v. Bush, 133 Ind. 321; Pinney v. Russell, 52 Minn. 447; Bank v. Kuhule, 50 Kan. 420.

In so concluding we are not unaware of those cases wherein the Supreme Court of this State and the United States and this court have decided that in the absence of matter of estoppel, an order of publication, or notice of sale by publication, against a person by the initial of his Christian name. was not sufficient. Skelton v. Sackett, 91 Mo. 377; Turner v. Gregory, 151 Mo. 100; Marx v. Hanthorn, 148 U. S. 172; Mosely v. Riely, 126 Mo. 124; Burge v. Burge (not yet reported). But they are to be distinguished from cases of the kind now

being considered. An order of publication is a mode of service as a requisite to jurisdiction. A person may know that an action is pending against him, and he may know that notice by an order of publication was intended for him, yet such knowledge will not supply the place of a proper order published with substantial correctness. In other words, knowledge, in such cases, will not supply notice. But in the matter of record of judgments and deeds, the reverse is true; knowledge will supply notice. If there be knowledge there need not be notice. So that if one has knowledge of a deed it is not necessary that he have the notice which the law attaches to its being recorded.

6. The abstract of judgment as entered, while correctly stating the amount of the judgment, failed to state the amount of the costs, and this is given by plaintiff as a reason why there was no lien created. The statute (section 3759, Revised Statutes 1899), requires: " . . . An abstract of said judgment shall be entered in a book to be kept by the clerk of the circuit court having jurisdiction of civil cases within such city, and shall state in ruled columns: first, the names of the parties; second, the date; third, the nature of the judgment or decree; fourth, the amount of the debt, damages and costs."

The abstract of judgment in question was the following:

"Against whom: Seibert, E. G.; in whose favor, Harry G. Meyers et al.; date of Judgment, January 18, 1901; nature of judgment, general; No. of case, trans.; amount of judgment, $108; where entered, M. 406-407."

We are of the opinion that the omission to name the costs, or amount thereof, was not sufficient to nullify the judgment otherwise properly entered. And defendant offering to remit the amount of the costs, the judgment will be reversed. All concur.