PATRICK SCARRY et al. v. BUNKER-CULLER LUMBER COMPANY, Appellant.

Division One, March 31, 1911.

ORDER OF PUBLICATION: Wrong Name: Carrey for Scarry. In order to constitute a valid service by publication, the notice must be given to the defendant by' his correct name, or by a name that is known to the law as *idem sonans*—that is, such a name as the eye and the ear of those who know the person, would not fail to recognize as that of the person referred to in the publication as the defendant. An order of publication in a tax suit against John Scarry which named John Carrey as the defendant, was not sufficient to bring John Scarry into court, and a judgment rendered in pursuance thereto and a sale of the land upon execution did not carry the title to the purchaser. The attentive ear would have no difficulty in distinguishing the pronunciation of the name Scarry from that of Carrey.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*S. A. Cunningham, Ed J. Shuck* and *Lincoln & Lincoln* for appellant.

*J. W. Chilton* and *James Orchard* for respondents.

WOODSON, J.—Counsel for appellant have made a correct statement of the case, with one exception, which will be presently mentioned. That

statement is as follows: "This action was instituted April 6, 1907, in the circuit court of Shannon county, Missouri, under section 650 of the Revised Statutes of 1899, the plaintiffs claiming to be the owners of the land herein involved, same being the west half of section 31, and the north half of the southeast quarter and southwest quarter of southeast quarter of section 31, all in township 31, range 3 west, and alleging, generally, an adverse claim of title to said property by the defendant.

"The cause was pending in said court until the September term, 1907, at which term, on September 9, defendant filed its answer to plaintiffs' petition, in which answer defendant sets up a general denial, coupled with a general claim of title to the property in controversy.

"The issues thus made up, the cause proceeded to trial before Hon. W. N. Evans, Judge of the Twentieth Judicial Circuit, without a jury, and on September 14, 1907, at same term of said court, judgment was rendered in favor of plaintiffs, vesting them with title to the land and barring defendant from making further claim thereto. From this judgment the defendant has appealed to this court.

"At the trial it was admitted that John Scarry was the common source of title, and that plaintiffs are his sole heirs; and the plaintiffs are entitled to the judgment rendered in their favor unless the title to said lands was divested out of said John Scarry by a certain sale of said lands for taxes and sheriff's deed based thereupon. The defendant claimed title to the land by virtue of the tax sale and sheriff's deed referred to, and it is admitted that defendant has whatever title may have passed to the purchaser at said tax sale.

"The contention of the appellant is, that plaintiffs' ancestor, John Scarry, was divested of any title to the land by said tax sale, and that the sheriff's deed based thereupon conveyed the title to said land;

whereas, the respondents' contention is that the court rendering said tax judgment never acquired jurisdiction of the defendant in said tax suit, and that hence the judgment, the sale and sheriff's deed are void and conveyed no title. The validity of this sheriff's sale of said lands for taxes, is the only issue involved in this appeal.

"The sale of said land for taxes took place in the year 1881, in a suit against John Scarry, and John E. Organ was the purchaser at said sale; the sheriff under said sale executed and delivered to said John E. Organ a deed which erroneously described the land, and afterwards, to-wit, on March 12, 1907, said sheriff, as former sheriff, made and executed another deed to correct his former deed, naming Ida M. Nash, who had succeeded to the title of said John E. Organ, as grantee therein, from whom defendant afterwards purchased said land, and under whom it now holds."

The omitted statement, previously mentioned, is, that the order of publication was against John S. Carrey, while in fact the name of the owner of the land and the common source of title was John S. Scarry.

The sole question presented by this record for determination is, was the publication against John S. Carrey a sufficient notice to bring John S. Scarry into court, or does it constitute a valid service upon which a valid judgment against him could be based?

Counsel for appellant maintain the affirmative of this proposition, while counsel for respondents insist upon the negative.

In order to constitute a valid service by publication, the notice must be given to the person by his correct name, or by a name which is known to the law as *idem sonans*, that is, such a name as the eye and ear of those who know the person could not fail to recognize that the person referred to in the publication was the person against whom the suit was brought. The rule upon this subject is stated as follows:

"The law does not regard the spelling of names so much as their sound. By the doctrine *idem sonans*, if two names, although spelled differently, sound alike, they are to be regarded as the same. Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial. Even slight difference in their pronunciation is unimportant; if the attentive ear finds difficulty in distinguishing the two names when pronounced, they are *idem sonans*. The names will be presumed to be pronounced according to the ordinary rules of pronunciation of the English language, unless it is proved that they belong to another language and are pronounced differently in the language to which they belong, and also in the general usage of the community. Usually the insertion or omission of a 't' before the ending 'son' is held immaterial, as is also the omission or addition of a final 'e,' the two names being considered *idem sonans*. But the addition or omission of a final 's' is usually held a fatal variance. And many names sounding much alike have been declared by courts or juries not *idem sonans*."

The same rule has been announced by this court in the following cases: Robson v. Thomas, 55 Mo. 581; Geer v. Mo. Lumber & Mining Co., 134 Mo. 85; Graton v. Holliday-Klotz Co., 189 Mo. 322; Whelen v. Weaver, 93 Mo. 430; Chamberlain v. Blodgett, 96 Mo. 482; Ohlmann v. Clarkson Saw Mill Co., 222 Mo. 62. Also by the courts of appeals in the following cases: Weber v. Ebling, 2 Mo. App. 15; Burge v. Burge, 94 Mo. App. 15.

If we apply that rule to the facts of this case, it will be seen that the publication does not come up to the standard. The ordinary pronunciation and sound

of the name Scarry, as one would naturally suppose, and as the evidence showed, is Skerry, and not Carrey. The names are entirely dissimilar, both to the eye and ear. No person hearing the one pronounced or seeing it in print would ever suppose that the one was intended for the other. The attentive ear would have no difficulty whatever in distinguishing the pronunciation of the name Scarry from that of Carrey. That being true, they are not *idem sonans* within the meaning of the books. [Robson v. Thomas, supra.]

In Geer v. Mo. Lumber & Mining Co., supra, this court held that the names Lane and Leane were not *idem sonans,* yet it would be more difficult to detect the distinction between their pronunciation than it would be to detect it between the names Scarry and Carrey.

We are, therefore, of the opinion that the publication was not sufficient to bring the defendant in the tax suit into court.

That being true, it must follow that the judgment and the tax sale thereunder were void and passed no title to appellant or any of its grantors.

The judgment was for the right party, and it should be affirmed; and it is so ordered. All concur, except *Valliant, J.,* absent.