GLEICH *v.* EARNEST ET AL.

(Decided March 11, 1930.)

*Mr. Hugh Huntington* and *Mr. Collis Gundy Lane,* for plaintiff.

*Messrs. Postlewaite & Power,* for defendants.

ALLREAD, J. This case was brought by Phil J. Gleich against Chester C. Earnest, the Northwest Boulevard Company, and other lienholders. The action was to foreclose a mechanic's lien. The Northwest Boulevard Company filed an answer by which it denies the facts stated in reference to the lien and also states that the boulevard company, as the holder of a mortgage from Earnest, filed its petition in the court of common pleas in foreclosure, making Earnest, his wife, the second mortgagee, and Wesley C. Kinney and William Kinney, doing business as Kinney Brothers, parties thereto. The court found in favor of the plaintiff and ordered a sale; the boulevard company purchased the property at the sum of $3,500 and the sale was confirmed. The plaintiff by a reply denies that the Northwest Boulevard Company was a *bona fide* purchaser without actual or constructive notice of the lien of the plaintiff. The case was tried in the court of common pleas, where a judgment was rendered in favor of the plaintiff, and an appeal has been taken to this court. We are unable to ascertain from the record definitely whether the Northwest Boulevard Company took its mortgage prior to the beginning of work on the construction of the building upon the lots described. We reach the conclusion from the evidence, rather than the pleadings, that the boulevard company had the first lien but held the money

as a construction mortgagee, paying it out to Earnest as the building progressed. Even assuming, however, that the boulevard company was a mortgagee prior to the construction liens, and was not bound in any way by notice or knowledge of the condition of the building, we reach our conclusion upon the question of constructive notice of the lien claimed on the building. Chester C. Earnest took the legal title and gave the mortgage to the Northwest Boulevard Company.

There is evidence in the record from which it may be found that Chester C. Earnest did business under two names, to wit, Chester C. Earnest, in whom the title rested, and C. C. Ernest, with whom the plaintiff contracted. There is also testimony of two of the principal abstractors of Columbus to the effect that in a case of this kind they look at the records for the name both under the head of "Ernest" and the head "Earnest." If the boulevard company had exercised the same degree of caution, it would have found that Gleich held a mechanic's lien upon this property, and that the mechanic's lien was on record and the property correctly described. We think this is a proper case for the application of the rule of *idem sonans*. In the early case of *Pillsbury* v. *Dugan's Admr.*, 9 Ohio, 118, 34 Am. Dec., 427, it was held:

"No mistake of name will invalidate an instrument or proceeding, unless the person meant can not be identified; bad spelling will not produce such effect.

"The names of Pillsby and Pillsbury are so nearly identical, that proceedings in partition against a defendant by either name, will be good. Biddulph may

be proven to be another mode of spelling Puthuff.''

In the *Pillsbury case* it was said in reference to the proceeding in partition that:

''The petition in partition is very loosely drafted. The land is well described but the name Pillsbury is spelled Pillsby, and no notice is taken of her husband, although then alive. * * *

''It is not every mistake in names which will invalidate an instrument or proceeding. This effect will follow where the person can not be identified, or where the error is such as to describe another. But words are intended to be spoken; and where the sound is substantially preserved, bad spelling will not vitiate.''

The case of *Green* v. *Meyers,* 98 Mo. App., 438, 72 S. W., 128, may be cited because of its similarity to the case under consideration.

In the case cited the real name was Elinor G. Seibert. The name in the judgment record was E. G. Sibert. The court held that Elinor G. Seibert and E. G. Sibert were not only *idem sonans,* but were the same name, and that it was no hardship to require an examination of the record as to both names.

A number of cases from this state have been cited. Without attempting to reconcile these cases, we hold that they are in no wise in conflict with the case presented.

It is claimed that under the registration acts the doctrine of *idem sonans* does not apply.

The weight of authority in states where registration of titles is provided for is to the effect that the law of *idem sonans* prevails, but subject to the qualification that the initial letters must be the same.

Even if this case were strictly one of record

notice, there might be some plausibility to the contention so made, but taking into consideration the general rule in regard to mechanics' liens we think it undoubted that the rule of *idem sonans* applies.

Upon the rule of constructive notice in mechanic's lien cases, we cite *Standard Oil Co.* v. *Sowden,* 55 Ohio St., 332, 341, 45 N. E., 320; *Rider* v. *Crobaugh,* 100 Ohio St., 88, 125 N. E., 130.

Section 8315, General Code, provides that the notice of a mechanic's lien must be served upon the owner if known. There is therefore no burden upon the holder of a mechanic's lien to ascertain the exact name of the owner. There are other means of notice prescribed by the statute as to mechanics' liens.

There is a note to the case of *Mivelaz* v. *Johnson,* 124 Ky., 251, 98 S. W., 1020, 124 Am. St. Rep., 398, reported in 14 Ann. Cas., pages 688 and 689, which supports this view. See, also, *Wilson* v. *Logue,* 131 Ind., 191, 30 N. E., 1079, 31 Am. St. Rep., 426; *Goodman* v. *Baerlocher,* 88 Wis., 287, 60 N. W., 415, 43 Am. St. Rep., 893.

If the boulevard company at the time it filed its suit had taken the precaution to consult an abstractor of the type and standing of Phillips and Westervelt, it would have found this mechanic's lien against C. C. Ernest and ascertained that the lien described the identical property involved in the mortgage. We think such duty was imposed upon the holder of the mortgage, and that the failure to exercise this duty at the time the suit was brought and property purchased would not put the boulevard company in the position of making all the necessary parties to its action in foreclosure or in the position of a *bona fide* purchaser. We think Gleich was a necessary party

to said action and was improperly omitted therefrom. We therefore find that Gleich is entitled to foreclose his lien. As to whether the boulevard company is entitled to the benefit of a subrogation to the payment of other liens we do not decide, as there is no claim in this case made on that account.

The decree will therefore be for the plaintiff.

*Decree for plaintiff.*

KUNKLE, P. J., and HORNBECK, J., concur.