[No. 3472. Sept. 2, 1930.]

[Rehearing Denied Oct. 24, 1930.]

CANNON v. FIRST NAT. BANK OF AMARILLO, TEX.

[291 Pac. 224.]

Chas. F. Fishback, of Ft. Sumner, for appellant.

Keith W. Edwards, of Ft. Sumner, for appellee.

OPINION OF THE COURT

WATSON, J.

Cannon sued in statutory form to quiet title. He named the bank as the only defendant, alleging that it made some adverse claim. The bank's answer denied that Cannon was the owner in fee simple, and admitted that it made adverse claim. By cross-complaint the bank set up a certain judgment rendered against one Northcutt and duly docketed by the clerk of the court; a transcript thereof filed and recorded in the office of the county clerk; that said Northcutt was at that time the owner of the premises; and prayed that the lien of the judgment be foreclosed as against Cannon, and for sale of the property to satisfy it. The answer to the cross-complaint admitted that Northcutt was the owner of the premises as alleged, and denied other allegations.

The trial court found that plaintiff came into possession of the premises under warranty deed from one Kelton dated January 1, 1927; that judgment was rendered against Northcutt on July 26, 1926, and a transcript of the docket entry thereof was filed July 27, 1926; and that the judgment had not been satisfied. It decreed that plaintiff was not entitled to the quieting of his title as against defendant's judgment lien; that defendant was not entitled to a foreclosure thereof; and that the plaintiff was the owner in fee simple, subject to said judgment lien. Plaintiff has appealed.

Appellant objects to the receiving in evidence of the judgment docket on the ground that it is unintelligible because of the handwriting. He brought the docket here as an original exhibit for our inspection, but we find no merit in the contention.

Appellant questions the authenticity of a transcript of judgment certified, as in the present case, by a county clerk. He contends that the clerk of the district court must sign them. But, by the Constitution (article

6, § 22), the duties of clerk of the district court are, until otherwise provided by law, to be performed by an official designated "county clerk." Our attention has not been called to any change.

It is further objected that the transcript, as well as the docket itself, omits certain data essential to its becoming a lien on filing, viz., that it fails to show the "nature of the case" and the "attorney for creditor." These are required to be "shown" by the "books * * * kept by the clerks of the supreme and district courts." 1929 Comp. § 76—113.

The practical mind will not readily perceive that the substantial rights of the parties could have been greatly affected by the defects pointed out.

But appellant cites numerous cases which he contends require the conclusion that no statutory requirement may be omitted without consequences fatal to the lien. That upon which he puts particular stress is Western Savings Co. v. Currey, 39 Or. 407, 65 P. 360, 87 Am. St. Rep. 660. In that case the omission of the record to show "when docketed" was necessarily fatal. The lien commenced when and not until the judgment was docketed. Manifestly the requirement in that case could not have been held directory. Moreover, the Oregon statute did not require the docket to show the nature of the case or the name of the attorney for the judgment creditor. Such requirements were not under consideration. And here we may say that, while the statutes of some of the other states do make these requirements, we have found no case discussing their purpose or deciding the results of a failure to observe them.

Many other cases which reason as does this Oregon decision are of the same value as authority on the question before us.

It seems plain to us that the statute (Laws 1891, c. 67, 1929 Comp. § 76—110 et seq.) had two main objects: First, to give judgment creditors the benefit of a lien on real estate; and, second, to impose upon them the duty

of notifying the world of their claims by recording them. Both purposes are to be kept in mind.

To pass by a legislative requirement material to the giving of notice would be to strike at the second of these main purposes. But, as it seems to us, some courts, in insisting upon the letter of the requirements, have overlooked or disfavored the first; the very purpose without which the statute would not have been enacted. However, as above suggested, this appears more frequently in the statement of the rule than in its application.

It is true that the Legislature gave the lien and prescribed the conditions—neither of which the courts could have done. Still we do not go with those who reason, therefore, that every statutory requirement is of equal importance and materiality, and that every deviation from the legislative direction must be fatal.

The more liberal rule, as formulated by a well-known author, and as quoted in appellant's brief, is this:

"The formalities of docketing, abstracting or their equivalent, as required by statute, must be substantially complied with in all material particulars. * * *"

Freeman on Judgments (5th Ed.) § 920. Support is found in various decisions to the effect that substantial compliance with the statute is sufficient and that informalities will not vitiate the lien. It has been held in Missouri, though otherwise in Washington and Alabama, that a failure to show the amount of costs did not nullify the lien, though the statute required that it be shown in a separate ruled column. Green v. Meyers, 98 Mo. App. 438, 72 S. W. 128. A clerical error in stating the amount due on the judgment did not nullify the lien, where it was obvious and the abstract supplied the means of correcting it. Kingman Texas Implement Co. v. Borders (Tex. Civ. App.) 156 S. W. 614; Willis & Bro. v. Sommerville, 3 Tex. Civ. App. 509, 22 S. W. 781.

We are unable to see how the omissions here pointed out are "material particulars" as affecting the relative rights of the parties before us. In making these requirements the Legislature must have had in mind convenience

in administration, rather than essential rights. We hold them to be directory.

Appellant contends also that the condition of the pleadings is such as not to permit of the reception of the evidence or to support the judgment. The situation is peculiar. The parties went to trial on the complaint, the cross-complaint, and the respective answers thereto. Yet, when appellee offered its judgment appellant objected to it and to all evidence, "that under the ruling of the supreme court, a cross action cannot be brought by a lienor in a suit to quiet title * * * and * * * that the facts therein stated do not show a sufficient interest in the defendant in this case to give the court jurisdiction to render a decree on the cross complaint." Appelleee then stated that the judgment was "offered under the general denial," and appellant objected that it was "irrelevant and immaterial under the general denial." The judgment was admitted. There is nothing to indicate the views of the trial court on the two legal questions until we come to the judgment, wherein it was ruled "that defendant is not entitled to affirmative relief foreclosing said judgment lien," and "that defendant take nothing by his cross complaint herein, and that the same is hereby dismissed." It was neither proved nor found that Northcutt was the owner of the land at the time of the filing of the transcript of the judgment docket; but this essential fact was expressly admitted in the answer to the cross complaint.

In this situation appellant now contends that there was no evidence to support the judgment; or only evidence erroneously admitted. There is no evidence of Northcutt's ownership, he argues, because the answer to the cross-complaint, containing admission of the fact, went out of the case when the cross-complaint itself was dismissed. The judgment, he argues, could not be admitted under a general denial; it being a fact which should have been affirmatively pleaded.

Whatever the merits of these questions, we conclude that the judgment should not be disturbed by reason of them. They are of the form and not of the substance. The issues were fully understood by court and parties.

It was whether appellant's title was superior or subsequent to a judgment lien claimed by appellee. To have this issue decided was the only apparent purpose of instituting the suit. The facts were all before the court by way of evidence or admission. As we have seen, the merits of the case were correctly disposed of. It would be a reproach if this just judgment must be set aside because counsel made the mistake of entitling his pleading a cross-complaint, and of praying for affirmative relief, instead of entitling it, if so he should, an answer by way of new matter, and of relying on it only defensively. We should be particularly loath to do so in view of appellant's acquiescence in the cross-complaint by answering it, and his suppression of the question until the trial.

We dispose of the whole matter by treating the pleadings as amended, the cross-complaint being here deemed an answer, and the answer to it, a reply. Such disposition is indicated and authorized, we think, by 1929 Comp. §§ 105—611, 105—619, 105—621.

The judgment will be affirmed, and the cause remanded.

It is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and SIMMS, JJ., did not participate.