THE STATE, Respondent, *vs.* CURRAN, Appellant.

1. The indictment charged that the defendant assaulted "Silas Melville," with intent to kill. The proof was that the name of the person assaulted was "Melvin." *Held*, this was such a variance as that the court should have directed an acquittal.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve,* for appellant.
*H. A. Clover,* (circuit attorney,) for the State.

GAMBLE, Judge, delivered the opinion of the court.

1. The defendant, Curran, was indicted for an assault upon Silas Melville, with intent to kill. Upon the trial, the party injured was examined as a witness, and testified that his name was "Melvin" and not "Melville." It was objected that this was a variance, there being no evidence that the person injured was known by the name of Melvin. The court refused to decide that there was a variance between the evidence and the indictment, but instructed the jury thus : "As to whether there is a material variance in the sound of the name of the person alleged in the indictment to have been stabbed, and the name of the person proven to have stabbed, is a question of fact for the jury, but the jury ought not to acquit on the ground of difference in the sound of said names, unless they believe the difference in the sound to be so great, that they cannot be reasonably taken to designate the same individual."

When a question arises in the progress of a criminal trial, in relation to the name of the person upon whose property or person the offence has been committed, and the evidence varies from the averment in the indictment, as in this case, by proving that the individual was named Melvin, and not Melville, as alleged, it is the duty of the court to direct an acquittal, unless there is evidence in the case, showing that the person was

known by the name stated in the indictment. The two names do not sound alike, and it can only be by evidence, showing that the individual was known by the name in the indictment, that the jury can have the case committed to them. As there was no evidence in the present case that the person injured was known by the name of "Melville," and no evidence of any peculiar pronunciation of the name, different from the natural sound of the letters composing it, it was the duty of the court to tell the jury that there was such a variance as to require an acquittal. The averment of the injury to a particular individual, is descriptive of the offence, and must be proved as made. It is not material that the spelling of the name be accurate, but when the true spelling is departed from, the sound of the name, as it is pronounced, is to be preserved, so that it will be recognized as the name of the individual upon whom the offence was in fact committed. If the person is known by two names, or if he has a real name and one which is an abbreviation or corruption of the other, or is commonly used for the other, the indictment may use either. The twelve judges of England, in *Rex* v. *Tannet*, held that McCann, in the indictment, was a different name from McCarn, which was the name proved. *Russ. & Ry.* crown cases, reserved, 261. There are christian names which do not sound alike, and yet are universally understood to be the same names, as Elizabeth, Eliza and Betsey, Sally and Sarah, &c. ; and the use of either of the names, in such cases, will be correct.

The judgment is reversed and the cause remanded for further proceedings.