MINNIE A. PHILLIPS, Respondent, v. J. H. BACHELDER, Appellant.

St. Louis Court of Appeals, November 24, 1891.

1. **Judgments :** DEFAULT : ACTION ON ACCOUNT FOR GOODS SOLD AND DELIVERED. If there be an interlocutory judgment by default in an action on an account for goods sold and delivered, the value of the goods is the only issue on the final inquiry as to the damages ; the claim that the defendant is not responsible for a portion of the goods, or that others had not been delivered, cannot be inquired into.

2. **Practice, Appellate :** JUDGMENT FOR RIGHT PARTY. When upon the whole record the judgment is manifestly for the right party, it will not be reversed although some errors may have intervened.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*A. A. Paxson,* for appellant.

*Virgil M. Harris,* for respondent.

BIGGS, J.—This suit originated before a justice of the peace. The account sued on was itemized and showed various payments, leaving a balance due, as claimed by the plaintiff, of $207.99. After various continuances in the justice's court, which seem to have been at the instance of the defendant, the case was set down for trial on the fourth day of March, 1891, at which time both parties appeared before the justice, as shown by the transcript. The defendant being still unprepared to try the case, the parties entered into the following written agreement.

"Minnie Phillips } March 4, 1891. Before Justice
     *v.*          } Kane.
"Bachelder.       }

" It is agreed that this case be continued till Saturday next at two P. M., March 7, 1891, and, if not settled by that time, judgment may be entered for plaintiff.

"A. A. PAXSON,
     " Attorney for defendant.
"VIRGIL M. HARRIS,
     " Attorney for plaintiff."

The stipulation was filed with the justice, and the cause was continued to March 7, 1891. The suit was not settled. The parties appeared before the justice on that day, and the defendant took the position that the stipulation did not authorize a judgment against him for the amount sued for. The justice ruled otherwise, and thereupon the defendant undertook to withdraw

his appearance. The magistrate then entered a judgment on the stipulation for the amount sued for, and from that judgment the defendant appealed to the circuit court. When the case reached the circuit court, the plaintiff moved for a dismissal of the appeal, and the defendant filed a motion to compel the justice to amend his transcript, which the defendant asserted was untrue in several particulars. The circuit court overruled the defendant's motion, and sustained that of the plaintiff. From these rulings the defendant has appealed, and he assigns them for error in this court.

Just at this point it may be proper to state that there is no pretense that the stipulation was obtained by fraud, or that the defendant's attorney did not have authority to sign it, or any evidence that the amount sued for is not justly due.

The chief ground of the defendant's motion for a rule on the justice to amend his transcript was, that it was intended that a judgment by default should be entered and that such an entry was requested by the plaintiff's attorney. The justice entered judgment on the stipulation and not by default, and in this respect it is claimed that the transcript is not true. The question is, was the action of the justice wrong and prejudicial to the defendant. If it be conceded that the judgment of the justice should have been by default instead of one on stipulation, wherein has the defendant shown himself to have been prejudiced by the mistake of the justice? If there had been a judgment by default, the value of the goods would have been the only issue on the final inquiry of damages. The only pretense of a defense claimed by the defendant was, that he was not responsible for a portion of the goods, and that some of the others had not been delivered. No question is raised, or attempted to be raised, as to their value. Both of these defenses would have been cut off by a default; hence, we are unable to see how the defendant was prejudiced by the action of the justice,

or the refusal of the court to order the justice to amend his transcript, unless it worked to his prejudice in the disposition of the plaintiff's motion to dismiss the appeal, which we will now consider.

The defendant complains that he was prejudiced by the dismissal of his appeal. How this can be made to appear by the record before us, we are unable to see. He failed to introduce any testimony tending to prove that he had any defense to the action on the merits. The parol proof introduced by him on his motion for a rule on the justice tended to show that he had no defense whatever. This evidence in itself would have been sufficient to authorize an affirmance. Besides, the plaintiff's depositions concerning the sale of the goods were on file. Therefore, if we were to admit that the circuit court committed a technical error in dismissing the appeal, it would still be our duty to affirm its action. When upon the whole record the judgment is manifestly for the right party, it will not be reversed, although some errors may have intervened. *Bassett v. Glover*, 31 Mo. App. 150; *Kortjohn v. Seimers*, 29 Mo. App. 271; *Brooking v. Shinn*, 25 Mo. App. 277; *Bank v. Armstrong*, 92 Mo. 265; *Vaughn v. Daniels*, 98 Mo. 230. We will rule this assignment likewise against the defendant.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.