## LACLEDE LAND & IMPROVEMENT COMPANY, Appellant, v. OWEN CREASON et al.

**Division Two, March 30, 1915.**

1. **TAX DEED: Prima-Facie Proof of Regularity.** A tax deed which on its face appears fair and sufficient is only prima-facie proof of proper proceedings.

2. **CONVEYANCE: Names: Orvin Creason for Owen Creason: Ancient Deed.** The original Government patent dated in 1859 granted the land to Owen Creason, and a deed signed Orvin Creason and dated in 1860 conveying the land to another was offered in evidence. *Held*, that, though seemingly a palpable error in the copyist in recording the instrument, in the absence of some showing beyond the bare record itself, no conveyance can be presumed from the mere single fact of the antiquity of the transaction, and the deed did not convey title out of Owen Creason.

3. **TAX DEED: Idem Sonans: Judgment Against Greason: Conveyance of Interest of Creason.** A judgment against Owen Greason in the tax suit will not support a sheriff's deed which purports to convey the interest of Owen Creason, although the Government patent showed a grant to Owen Creason and he owned the land when the judgment for taxes was rendered. "Greason" is not *idem sonans* with "Creason," and the deed was void.

4. **DEFAULTING DEFENDANT: Subsequent Participation in Case: Affirmative Relief.** A defendant who has been constructively served and who has neither pleaded nor appeared,

is ordinarily not entitled, after judgment by default has been rendered against him, to take part in the subsequent proceedings in the case, until he has appeared and procured, upon a timely and proper showing, a vacation of the default against him; except that, in spite of the default and in spite of a failure to have it vacated, he may appear at the hearing, in an inquiry of damages, and show facts in mitigation of damages, and, in any case, may appear on the question of the taxation of costs. But so long as such default judgment stands, he cannot have affirmative relief.

5. ———: ———: ———: **Quieting Title in Defaulting Defendant.** Where suit to quiet title was brought against Owen Creason and others, and Creason neither pleaded nor appeared, but the other defendants did appear and answer, and the proof shows that neither plaintiff nor said other defendants have the title, and that it is apparently in said Creason, a decree vesting the title in said Creason cannot stand. Having defaulted, he is not entitled to affirmative relief. The decree, in such case, should make a general finding against plaintiff, dismiss his petition and render costs for defendants, and go no further.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. B. Daniel* for appellant.

FARIS, P. J.—This is an action brought by plaintiff under section 2535, Revised Statutes 1909, to determine title to the east half of section 18, in township 32 north, of range 1 west, in Reynolds county.

The petition is conventional. The record nowhere shows who the defendants were other than the respondent Owen Creason; but it does appear that O. A. Smith and "Sarah Hunt Pelton et al." appeared and answered. The record does not disclose in any manner who the others were answering jointly with defendant Sarah Hunt Pelton. It appears in the record that defendant Owen Creason *neither appeared nor pleaded, but that he made default.* Said Creason was duly notified by publication in a newspaper.

A tax deed was offered by plaintiff purporting to convey the land to one J. B. White, under whom plain-

tiff claims. This tax deed recites a joint judgment against Owen Creason, O. A. Smith and Anson Hunt. In the description of the land therein it is recited as but one tract and that is designated "tract 1" and is described as the east half of section 18, township 32, range 1 west. In the description of the tracts of land and of the years for which taxes thereon were found to be due, there likewise appears but one tract, which is designated as "tract 1" and refers back to the "tract 1" above mentioned and in said deed described, as we have already set out. The said sheriff's deed seems to be in all respects fair and sufficient upon its face, and no attack was made thereon in the court below, except an objection for matters not appearing upon the face thereof and matters for which proof was necessary in order to destroy the prima facie sufficiency of the deed.

Defendants Sarah Hunt Pelton and O. A. Smith offered upon their part the record of a warranty deed from *Orvin* Creason to Lyman Farleigh, dated November 6, 1860, purporting to convey the whole of said land to said Farleigh. Said defendants also offered the original patent from the United States to Owen Creason, dated September 1, 1859. Such other conveyances were offered as showed that the title to the northeast quarter and the west half of the southeast quarter of said section 18 was in one Anson Hunt, and the title to the east half of the southeast quarter of said section 18 was in defendant O. A. Smith; conditioned of course upon the sufficiency of the deed of *Orvin* Creason to convey the interest of Owen Creason. It was further shown that said Anson Hunt died in 1898 intestate, and that defendant Sarah Hunt Pelton was one of his heirs and that divers of the deeds offered were found among the papers of said Anson Hunt.

It is admitted in the brief of appellant, but nowhere shown in the abstract (which is otherwise in-

complete), that the judgment for taxes upon which the sheriff's deed was bottomed, was against "Owen *Greason.*"

The court rendered judgment against plaintiff and in favor of Owen Creason, affirmatively finding that Owen Creason was the owner of said land and forever quieting in him the title thereto, and adjudging that neither plaintiff nor defendants, other than said Creason, had any interest therein. The said judgment does not note a default against Creason, but it fails to note his appearance to any of the proceedings, and the record before us shows that he neither appeared nor pleaded.

Such further facts as are necessary will be found in the opinion.

## OPINION.

The common source of title is Owen Creason, to whom the United States conveyed this land by patent in 1859. Plaintiff's title is bottomed upon
**Tax Deed.**
a sheriff's deed for taxes, which upon its face appears fair and sufficient. But such a deed is only prima-facie proof of proper proceedings. Subsequently it appears proof came in from defendant's side of the case which showed (a) that the judgment for taxes was against Owen *Greason* and not against Owen Creason, and (b) that the suit for taxes was against owners of separate tracts, each of such owners having no mutual interest in the other tract, and that there was no separation of these tracts in the proceedings; nor in the sheriff's deed. This last objection can neither aid nor injure plaintiff here unless we hold that the conveyance from *Orvin* Creason to Lyman Farleigh conveyed the title in said lands of Owen Creason. However strongly we may suspect a fairly palpable error of the copyist in recording this conveyance, it is patent that absent showing beyond the bare record itself, it did not convey title out of Owen Creason.

And on a record as bare as this is of any other fact or act of those in interest, no conveyance can be presumed from the single fact of the antiquity of the transaction. [Brown v. Oldham, 123 Mo. 621; Manning v. Coal Co., 181 Mo. l. c. 372.]

The judgment against Owen *Greason* cannot of itself support a sheriff's deed for taxes which purports to convey the interest of Owen Creason. The sheriff's deed was absolutely void, even if said Creason owned the land when the judgment for taxes was rendered against him, unless *Greason* is *idem sonans* with Creason, and we hold it is not. [Myers v. DeLisle, 259 Mo. 506 (Myer and Myers); State v. Griffie, 118 Mo. 188 (Griffin and Griffie); Graton v. Land and Lumber Co., 189 Mo. 322 (Graton and Grafton); State v. Curran, 18 Mo. 320 (Melvin and Melville); Robson v. Thomas, 55 Mo. 581 (Mathews and Mather); State v. Brown, 119 Mo. 527 (Gratz and Grolts); Simonson v. Dolan, 114 Mo. 176 (Siemson and Simonson); People v. Fick, 89 Cal. 114 (Toy Fong and Choy Fong); 29 Cyc. 276.]

*Idem Sonans.*

The view graphically expressed by Lamm, J., in the case of Dixon v. Hunter, 204 Mo. l. c. 391, is apposite:

"In the first place, defendant was alone concerned with that part of the decree affecting him. He was not concerned with settling the title as between the two groups of complaining heirs. If he lost, the subsequent proceedings interested him no more. It is fundamental that an appellant cannot complain of error unless materially affecting the merits as against him."

Either of the above views effectually puts the plaintiff out of the case, but we are confronted with a serious dilemma as to the proper disposition to make of it here. Owen Creason for whom the court found and in whom the court vested the title to this land, and in whom the court quieted same, while

*Defaulting Defendant: Affirmative Relief.*

duly notified by publication, yet failed to appear or plead in any wise; in short, he made absolute default. In spite of this, judgment was rendered in his favor adjudging him to be the owner of the land and quieting the title thereof in him. Since neither the heirs of Anson Hunt nor O. A. Smith appealed, the concrete effect of this judgment is to put the title in said Owen Creason, whether he wants it or not, and *arguendo* whether he be alive or dead. We do not think this was warranted upon the facts and the law.

When Creason failed to plead within the time allowed to him by statute (saving to him of course his rights as one constructively served to appear later and have the judgment set aside upon a timely and proper showing), it was the duty of the court to enter against him an interlocutory judgment by default. [Sec. 2093, R. S. 1909.] This statutory provision we think absolutely precluded the court from granting to him, as the judgment rendered does, affirmative relief for which he had not asked, and which in fact, he may not desire. [Senter v. Wisconsin Lumber Co., 255 Mo. 590.] The rule is, ordinarily, that after making default a defendant is not entitled to take part further in the subsequent proceedings in the case (except as to the taxation of the costs and to show facts in mitigation of damages, upon an inquiry as to damages), unless to take steps to vacate the default, until he has procured the vacation of such default. [Phillips v. Bachelder, 47 Mo. App. 52; Davis v. Wimberly, 86 Ga. 46; 23 Cyc. 754.] Granting that upon the proof, the finding and judgment should have been against the plaintiff, and that in so holding the learned trial court was right upon any view which may be taken of it; yet we do not think that affirmative relief, which decrees and quiets title to land, may be given by the trial court to a defendant who neither appears nor pleads in a case, out being duly served constructively, makes absolute default. This view may not, we apprehend it will not,

unsnarl the tangle here, but it may serve to prevent the law from falling into a tangle.

It follows that the judgment herein should be reversed and the case remanded with directions to make a general finding against plaintiff, dismissing its petition and in favor of defendants for costs, but to refrain from affording affirmative relief to defendant Creason, who made default. Let this be done. *Walker* and *Brown, JJ.*, concur.